IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,584

STATE OF KANSAS,
*Appellee*,

v.

JOSE ARMANDO CONTRERAS,
*Appellant*.

SYLLABUS BY THE COURT

1.

A party seeking to admit evidence over a claimed Fifth Amendment privilege has the burden to provide the district court with substantial competent evidence that there is in fact no privilege to assert.

2.

When reviewing a district court's decision to exclude testimony due to a claimed Fifth Amendment privilege, appellate courts are limited to determining whether the lower court's factual findings were supported by substantial competent evidence and reviewing de novo whether, in light of those findings, the district court's ultimate legal conclusion was correct as a matter of law.

Review of the judgment of the Court of Appeals in 58 Kan. App. 2d 255, 467 P.3d 522 (2020). Appeal from Scott District Court; WENDEL W. WURST, judge. Opinion filed August 13, 2021. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed in part. The case is remanded to the Court of Appeals for further proceedings.

*Kasper Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Steven J. Obermeier*, assistant solicitor general, argued the cause, and *Derek Schmidt*, attorney general, was with him on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.:  The State appeals from a Court of Appeals decision reversing Jose Armando Contreras' convictions and remanding his case to the district court for a new trial. The facts of the case are exhaustively set forth in the Court of Appeals opinion. *State v. Contreras*, 58 Kan. App. 2d 255, 467 P.3d 522 (2020). For our purposes, the following limited recital will suffice.

Mother of the victim, K.B., was dating Contreras. When she spent the night at Contreras' apartment, her children—including K.B.—would go with her. About a year into the dating relationship, when K.B. was eight years old, Contreras told Mother that K.B. had attempted to perform oral sex on him. He reported that K.B. told him she had learned this behavior from her father.

Police were soon notified of the situation and began an investigation into possible sexual abuse of K.B. During several forensic interviews, K.B. related facts that demonstrated she had been sexually abused by both Contreras and Father. At one point, K.B. attempted to retract her allegations against Contreras, but she admitted to the forensic interviewer that Mother had put her up to the retraction. During the police interview with Contreras, he admitted there had been some sexual contact between he and K.B., but he insisted it had either been accidental or unwanted by him.

The State developed additional evidence over time and eventually charged Contreras with two counts of rape, two counts of criminal sodomy, and one count of aggravated intimidation of a victim. At trial, as part of his defense, Contreras called Father to testify, but Father invoked his Fifth Amendment privilege against self-incrimination. Defense counsel argued Father could not invoke the privilege because he had already been convicted of the crime that was the intended target of questioning (the incidents occurring in December 2012).

At this point, the parties and the court attempted to discern Father's jeopardy status with respect to the December 2012 incident. Father had previously been convicted of sexual abuse of K.B. With respect to that conviction, the prosecutor told the court, "I don't have a copy of the plea agreement. All I have is the journal entry of judgment." But the prosecutor added that "[w]e can call up [Clark County] and get a copy of the plea agreement if the Court would like." The Court of Appeals recites what happened next, which is the key moment for purposes of this appeal:

> "The district court then asked Father '[w]as part of that plea bargain agreement that you would not have any criminal liability for anything else involving any crimes that you perpetrated with regard to [K.B.]?' Father answered affirmatively, stating he understood that any future prosecution would be barred as double jeopardy.
>
> "The district court then reviewed Father's journal entry of judgment. It showed that Father had been convicted of criminal sodomy for acts between April 29, 2011, and March 5, 2012. Because that conviction did not involve any crimes in December 2012, the district court decided not to compel Father's testimony about the incident with K.B. in December 2012. The district court thus found that Father could still be prosecuted for acts with K.B. that had occurred in December 2012—the date Contreras wanted Father to testify about. The district court therefore allowed Father to invoke his Fifth Amendment privilege against self-incrimination and excused him from the trial." 58 Kan. App. 2d at 261.

At the conclusion of the trial, the jury convicted Contreras on all five counts—two counts of rape, two counts of aggravated criminal sodomy, and one count of aggravated intimidation of a victim. The district court denied Contreras' departure motion and imposed a controlling life sentence without the possibility of parole for 25 years.

Contreras raised multiple issues on appeal, but the panel only addressed one—holding the district court erred when it permitted Father to invoke his Fifth Amendment privilege against self-incrimination. 58 Kan. App. 2d at 274. After a harmless error analysis, the panel concluded it could not "say, beyond a reasonable doubt, that the error in not compelling Father's testimony did not affect the outcome of the trial in light of the entire record. Therefore, the error in permitting Father to invoke the Fifth Amendment privilege was not harmless." 58 Kan. App. 2d at 277. Thus, the panel reversed all of Contreras' convictions, remanded for a full new trial, and refused to address the other briefed issues on appeal. 58 Kan. App. 2d at 277. We granted the State's petition for review.

DISCUSSION

The only issue before us is whether the Court of Appeals correctly found the lower court committed reversible error when it excluded Father's testimony because he invoked his Fifth Amendment privilege against self-incrimination. When analyzing this question, the panel concluded that the district court erred because it did not have the documents which showed that Father actually was not in any legal jeopardy for the December 2012 incidents, and therefore had no Fifth Amendment privilege to invoke. Specifically, the panel held:

"We agree that the district court's Fifth Amendment determination was made without the benefit of the essential documents that would have informed its decision. And we do not fault Contreras for that omission. Contreras supported his position that Father

4

could testify with Father's assertion that he could not be prosecuted for the December 2012 event involving K.B. because it would be double jeopardy.

. . . .

"The State invited the confusion by giving the district court Father's journal entry of judgment which showed only the dismissal of count one. The State failed to show the district court the plea agreement, the complaint, or the journal entry of arraignment which would have completed an accurate understanding of Father's prior conviction. Understanding the scope of Father's prior proceedings is essential to determining whether his testimony here might expose him to a future criminal charge.

"In June 2019, this court approved Contreras' motion on appeal to take judicial notice of additional documents relevant to Father's prior conviction. . . .

"The three documents we have judicially noticed on appeal are all from Father's Clark County case 13 CR 25: the complaint, a journal entry of arraignment, and the same journal entry of judgment that the district court reviewed. The two documents provided to us, yet not shared with the district court, support Contreras' claim that at the time of trial Father did not have a privilege against self-incrimination for the December 2012 incident with K.B." 58 Kan. App. 2d at 270-71.

As a result, the panel found reversible error in the exclusion of the evidence. Before us, the parties spend a great deal of effort continuing to argue about the propriety of taking appellate judicial notice of these documents as well as arguing about what those documents actually say about Father's legal jeopardy. But these arguments are not relevant to the panel's far more basic mistake. To understand how the Court of Appeals went off-track in its analysis, it is necessary to clearly define the question presented to it (and now to us). The question is *not* whether Father was *actually* in legal jeopardy for the December 2012 incident and therefore either had or did not have a Fifth Amendment privilege to invoke. The question is whether the district court erred in excluding Father's testimony as evidence.

5

By its own clear statement, the Court of Appeals panel undertook to answer the former question and, in so doing, took judicial notice of two documents that were not presented to the district court at all. But this clearly deviates from the proper mode of appellate review of evidentiary decisions.

When reviewing evidentiary rulings based on a claimed Fifth Amendment privilege, the proper appellate standard of review has been clearly set forth. An appellate court "'reviews the district court's factual findings using a substantial competent evidence standard, but the ultimate legal conclusion is reviewed as a question of law using an unlimited standard of review. *State v. Bell*, 280 Kan. 358, 362, 121 P.3d 972 (2005).'" *State v. Delacruz*, 307 Kan. 523, 533, 411 P.3d 1207 (2018); *State v. Carapezza*, 286 Kan. 992, 1007, 191 P.3d 256 (2008); *State v. Hughes*, 286 Kan. 1010, 1029, 191 P.3d 268 (2008). It is true that a "trial court violates a criminal defendant's fundamental right to a fair trial if the court excludes relevant, admissible, and noncumulative evidence that is an integral part of the theory of the defense." *State v. Banks*, 306 Kan. 854, 865, 397 P.3d 1195 (2017). But that right is

> "subject to statutory rules and judicial interpretation of the rules of evidence and procedure. For instance, '[t]he proponent of a particular kind of evidence, whether it be a physical object or the testimony of a witness, is required to lay a foundation before it may be admitted into evidence.' Foundation refers to 'preliminary questions designed to establish that evidence is admissible.' Providing an adequate foundation prevents the finder of fact from being exposed to inadmissible evidence. [Citations omitted.]" 306 Kan. at 865-66.

It is axiomatic that evidence protected by the Fifth Amendment is inadmissible. See *State v. Cheever*, 295 Kan. 229, 253, 284 P.3d 1007 (2012) ("evidence protected by Fifth Amendment privilege is inadmissible to prevent violation of the substantive

6

protection of the Fifth Amendment privilege"; summarizing *Kansas v. Ventris*, 556 U.S. 586, 129 S. Ct. 1841, 173 L. Ed. 2d 801 [2009]), *rev'd on other grounds* 571 U.S. 87, 134 S. Ct. 596, 187 L. Ed. 2d 519 (2013). Thus, the party seeking to admit evidence over a properly invoked Fifth Amendment privilege has the burden to provide the district court with substantial competent evidence that there is in fact no privilege to assert.

Given this as the proper standard of appellate review—and given that the only dispute between the parties over the Fifth Amendment privilege has been a dispute of fact—the Court of Appeals should have simply looked at the record as it existed before the district court to decide whether substantial competent evidence supported the district court's factual conclusion that Father could have still faced legal jeopardy for the December 2012 incident. It was improper for the Court of Appeals to look to judicially noticed facts because it was the defendant's burden, as the party seeking to admit Father's testimony, to lay sufficient foundation which included facts demonstrating that the evidence would not violate the Fifth Amendment.

Performing this review ourselves, we have little difficulty reaching the conclusion that the district court did not err. Based on the documentary evidence presented to the court by both parties, it appeared that Father had not been convicted of any crime related to the December 2012 incident. Moreover, when the trial judge asked Father: "Is it your understanding they can't do anything else to you as a result of any acts that you perpetrated with regard to [K.B.]?" Father replied: "I'm not really sure." A bit later Father told the court, "I think I need legal counsel." Contreras had the full opportunity to meet his burden to lay the proper foundation, and based on the evidence before the district court at the time, we cannot say that the lower court's factual findings were unsupported by substantial competent evidence.

Therefore, we reverse the Court of Appeals and hold that the district court did not err when excluding Father's testimony. Because there remain other issues raised by Contreras on direct appeal but not addressed by the Court of Appeals, we remand this matter back to that court for resolution of the appeal.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed in part. The case is remanded to the Court of Appeals for further proceedings.