NOT DESIGNATED FOR PUBLICATION

No. 119,584

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE ARMANDO CONTRERAS,
*Appellant*.

Appeal from Scott District Court; WENDEL W. WURST, judge. Opinion on remand filed
September 17, 2021. Affirmed in part and vacated in part.

*Kasper Shirer*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before BRUNS, P.J., MALONE and GARDNER, JJ.


PER CURIAM: A jury convicted Jose Armando Contreras of four off-grid Jessica's
Law offenses and another felony—two counts of rape, two counts of aggravated criminal
sodomy, and aggravated intimidation of a victim. Contreras appealed his sentence and
conviction, arguing that the district court erred by allowing a witness (the victim's father,
S.B.) to invoke the Fifth Amendment privilege against self-incrimination, by denying his
motion to continue trial, by denying his motion for a sentencing departure, and by
imposing lifetime postrelease supervision. Contreras also argued that the cumulative
effect of these errors requires reversal of his convictions.

1

We agreed with Contreras on the Fifth Amendment issue and did not reach his other claims of error. This appeal is now before us on remand from the Kansas Supreme Court, which found no error in the district court's permitting S.B. to invoke the Fifth Amendment. *State v. Contreras*, 313 Kan. 996, 492 P.3d 1180 (2021), *rev'g* 58 Kan. App. 2d 255, 467 P.3d 522 (2020). Our task is thus to address the issues raised by Contreras that we did not reach before. We adopt the facts set forth in the decisions above and relate them only as necessary to the discussion below. Finding no error, we affirm.

*Did the District Court Abuse Its Discretion by Denying Contreras' Motion to Continue Trial?*

Contreras argues that the district court abused its discretion by denying his motion to continue trial because he needed time to interview potential witnesses.

*Standard of Review and Basic Legal Principles*

K.S.A. 22-3401 provides that a district court may grant a continuance "for good cause shown." The grant or denial of a request for a continuance will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Burnett*, 300 Kan. 419, 436, 329 P.3d 1169 (2014); *State v. Glover*, 50 Kan. App. 2d 991, 336 P.3d 875 (2014) (discussing the meaning of "good cause"). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*Relevant Facts*

Before trial, a defense investigator interviewed S.B. in the Hutchinson Correctional Facility on February 27, 2018. On that same date, S.B. signed as his affidavit a multi-page transcript of that interview. Among the many assertions in the affidavit was that S.B. had once awakened to the victim performing an unsolicited sex act on him. S.B. also named two other convicted sex offenders who may have known the victim. One of those men—James Edwin Speer—was also incarcerated at Hutchinson but required his attorney to be present for any meeting. Although Contreras' counsel tried to set up a meeting with Speer and his attorney, no meeting occurred before trial. And the investigator was unable to locate the other man—James Dewayne Andrasek—before trial.

On March 14, Contreras moved to continue his trial date of March 20 for a month to give him time to contact and interview those two potential witnesses. Contreras agreed to waive his speedy trial rights. The State objected to the continuance arguing that the affidavit was vague and speculative and that evidence from those witnesses about any contact with the victim would be inadmissible. The trial court denied the motion to continue, explaining that the pretrial hearings and rulings had been extensive, that the most likely rape shield witness (S.B.) was present, that Contreras had had a meaningful opportunity to provide a complete defense, and that he had shown no good cause to continue the trial. The district court also issued a transport order for S.B. and Speer so they could attend a rape shield hearing at the close of the State's case and said that defense counsel could issue a subpoena for Andrasek's presence.

Contreras renewed his motion twice on the first day of trial, to no avail. Defense counsel told the district court that he had not talked to S.B. or Speer and that the

3

information about Speer came only from the investigator's interview with S.B. Because he had not spoken to Speer, defense counsel told the district court that he would not call Speer as a witness.

*Analysis*

When a motion for a continuance has been made to secure attendance of a witness at trial, the factors relevant to a decision on that motion include:

- the possible prejudice to the defendant,
- the diligence or lack thereof in trying to secure the attendance of the witness,
- the materiality and importance of the probable testimony, and
- the probability of the witness' appearance at a later date if a continuance is granted. *State v. Carter*, 284 Kan. 312, 319, 160 P.3d 457 (2007); *State v. Lee*, 45 Kan. App. 2d 1001, 1012, 257 P.3d 799 (2011); see K.S.A. 2020 Supp. 22-3402.

The district court need not explicitly discuss these factors, however, when denying a continuance. *Carter*, 284 Kan. at 319.

Having reviewed the record, we find the possible prejudice to defendant is diminished by the speculative nature of Speer's and Andrasek's proposed testimony. At the continuance hearing, defense counsel explained that S.B. gave his account of unsolicited sexual behavior from the victim, which could corroborate defendant's theory of defense. But as to Speer and Andrasek, counsel proffered only that S.B. "identified two other men that [would] tell the same story about [the victim]." But S.B.'s affidavit does not go that far.

4

The sole reference to Andrasek in S.B.'s affidavit is that Andrasek is a brother-in-law to S.B.'s brother, "lives in Scott," and is a convicted sex offender. As to Speer, S.B.'s affidavit says only that the victim had some contact with Speer when she was four to five years old (several years before defendant's crimes) and Speer was later convicted of sex crimes with a child. S.B.'s affidavit also says that the victim never told him that Speer had done anything to her, and that S.B. did not suspect anything between Speer and the victim. So the materiality and importance of the proposed testimony from either witness is minimal, at best.

And defendant could have been more diligent in in trying to secure the attendance of these witnesses. Contreras was charged in June 2017. His case was set for trial in March 2018. Almost a week before trial, defense counsel asked for a one-month continuance to secure more information about two potential rape shield witnesses. According to S.B., those witnesses may have provided testimony that would have corroborated Contreras' account of the facts. Defense counsel learned about these potential additional witnesses when his investigator interviewed Contreras on February 27, 2018, and got his affidavit on that date, yet did not move for a continuance of the March 20th trial until March 14.

On the first day of trial, defense counsel again asked for more time and told the court that he had not yet spoken to S.B. or Speer. The State argued that defense counsel had been given ample time to prepare and that the testimony would be inadmissible under rape shield provisions. Although the district court denied Contreras' motion for a continuance, it considered the importance of the potential testimony and ordered S.B. and Speer transported to the trial for a rape shield hearing. (The rape shield statute, K.S.A. 2020 Supp. 21-5502, prohibits the admission of evidence of the victim's previous sexual conduct with any person, including the defendant, unless the trial court first determines the evidence to be relevant and otherwise admissible.) The court avoided possible prejudice to defendant by doing a transport order, bringing Speer to the local jail where

5

he was available to testify and where defense could more easily interview him during the trial. Still, defense counsel chose not to call him as a witness. And the court did all it could as to Andrasek, whose location was unknown, by suggesting that counsel try to subpoena him. Contreras did not estimate how long it would take to find Andrasek or show that he could reasonably be expected to appear if the court granted a one-month continuance.

Under these circumstances, the district court's denial of the motion was reasonable. The district court did not abuse its discretion by denying Contreras' motion to continue trial.

*Did the District Court Abuse Its Discretion in Denying Contreras' Motion for a Departure Sentence?*

Contreras next argues that the district court erred by denying his motion for a durational departure.

Sentencing under Jessica's Law, as in K.S.A. 2020 Supp. 21-6627, generally provides for a life sentence with a mandatory minimum term of imprisonment. The statute does, however, authorize and provide a procedure for departing from the mandatory minimum sentence. See K.S.A. 2020 Supp. 21-6627(d). In evaluating a motion for a departure sentence under Jessica's Law, K.S.A. 21-4643(d), the court must determine whether substantial and compelling reasons exist for a departure "'following a review of mitigating circumstances.'" *State v. Jolly*, 301 Kan. 313, 321-23, 342 P.3d 935 (2015) (disapproving prior cases that permitted the weighing of aggravating and mitigating circumstances in the departure decision).

In reviewing a motion to depart in a Jessica's Law case, the district court must first review the mitigating circumstances without trying to weigh them against any

6

aggravating circumstances. Then the district court determines whether, based on all the facts of the case, the mitigating circumstances rise to the level of "substantial and compelling reasons" to depart from the mandatory minimum sentence. *Jolly*, 301 Kan. at 324.

When reviewing a district court's decision of whether the mitigating circumstances warrant a departure sentence under Jessica's Law, the appellate court applies the abuse of discretion standard of review. *Jolly*, 301 Kan. at 325. When, as here, the defendant does not contend the trial court made an error of law or fact, the appellate court's standard of review is whether no reasonable person would have agreed with the judge's decision given the aggravating and mitigating factors found by the judge. *State v. Florentin*, 297 Kan. 594, 599, 303 P.3d 263 (2013).

The sole mitigating factors that Contreras presented to the district court are that he had no felony criminal history, that he had substantial family support, and that he needed to care for his son. These are circumstances that the district court may properly consider in determining whether a departure sentence is merited. See K.S.A. 2020 Supp. 21-6627(d)(2)(A); *State v. Favela*, 259 Kan. 215, 235, 911 P.2d 792 (1996) (lack of prior felony convictions); *State v. Murphy*, 270 Kan. 804, 808-09, 19 P.3d 80 (2001) (family support); *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (dependent children). Yet Contreras fails to show that these are "substantial and compelling reasons" to depart from the mandatory minimum sentence.

Contreras was convicted of sexually violent crimes. And the victim's grandmother detailed in her victim impact statement the lasting trauma the victim endures as a result of her abuse. Based on all the facts of the case, we find no abuse of discretion in the district court's finding that the mitigating circumstances were not "substantial and compelling reasons" to depart from the mandatory minimum sentence. A reasonable person could

have agreed with the judge's decision to deny Contreras' motion for a durational departure.

*Did the District Court Err by Sentencing Contreras to Lifetime Postrelease Supervision?*

Contreras next argues that his sentence is illegal because his journal entry varies from what the district court pronounced from the bench. He also argues that the district court lacked authority to order a term of postrelease supervision as part of his off-grid indeterminate life sentence. The State agrees and asks us to vacate the journal entry without remanding for resentencing.

Whether a sentence is illegal is an issue of law subject to unlimited review. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). An illegal sentence may be corrected at any time. K.S.A. 2020 Supp. 22-3504(a); *State v. Johnson*, 309 Kan. 992, 997, 441 P.3d 1036 (2019).

> "A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served." *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018).

At defendant's sentencing, the district court imposed four life sentences under K.S.A. 2020 Supp. 21-6627. The district court did not order postrelease supervision from the bench. Yet the journal entry erroneously includes a term of lifetime postrelease supervision. "A criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry. A journal entry that imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed." *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). Such is the case here.

8

And the district court lacked authority to order a term of postrelease supervision because it sentenced Contreras to an off-grid indeterminate sentence. *State v. Edwards*, 309 Kan. 830, 835, 440 P.3d 557 (2019).

The improper imposition of lifetime postrelease supervision can be vacated, allowing the district court to correct the judgment without the need for further proceedings. K.S.A. 60-2106(c); K.S.A. 2020 Supp. 22-3504(a) (correction of sentence); *Johnson*, 309 Kan. at 997-99; *State v. Phillips*, 309 Kan. 475, 478, 437 P.3d 961 (2019).

We thus vacate the district court's order for lifetime postrelease supervision, permitting the district court to enter a nunc pro tunc order that conforms the journal entry to the announced sentence. See, e.g., *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020).

*Does the Cumulative Effect of the Errors at Trial Require Reversal of Contreras' Convictions?*

Lastly, Contreras argues that the district court's error in permitting S.B. to avoid testifying and its denial of his motion to continue cumulatively denied him a fair trial.

But our Supreme Court found no error as to S.B.'s testimony, and we have found no error in its denial of his motion to continue trial. We thus find no error as to Contreras' conviction. The court will find no cumulative error when the record fails to support the errors defendant raises on appeal. *State v. Marshall*, 303 Kan. 438, 451, 362 P.3d 587 (2015).

Affirmed in part and vacated in part.