IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 114,726
114,953

STATE OF KANSAS,
*Appellee*,

v.

SAMELI G. ROBERTS,
*Appellant.*

SYLLABUS BY THE COURT

1.

Under K.S.A. 22-4506(b), a district court has a statutory duty to appoint an attorney to represent an indigent K.S.A. 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact.

2.

The protocol set forth in *Lujan v. State*, 270 Kan. 163, 14 P.3d 424 (2000), for a district court's handling of a K.S.A. 60-1507 motion does not *require* the appointment of counsel when the district court discerns a *potentially* substantial issue, albeit the court has the discretion to do so. The district court may, but is not required to, appoint an indigent K.S.A. 60-1507 movant an attorney during the period the court is making its determination of whether the motion, files, and records present a substantial question of law or triable issue of fact.

3.

If the district court conducts an actual hearing to determine whether a K.S.A. 60-1507 motion, together with the files and records in the case, present substantial questions

of law or triable issues of fact, and the State is represented by counsel at the actual hearing, due process of law requires that the movant be represented by counsel unless he or she has waived the right to counsel.

4.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.

5.

A prisoner filing a K.S.A. 60-1507 motion has the burden to establish that an untimely motion falls within the manifest injustice exception of K.S.A. 60-1507(f)(2) and that a successive motion falls within the caselaw exceptional circumstances exception.

Review of the judgment of the Court of Appeals in an unpublished opinion filed November 18, 2016. Appeal from Sedgwick District Court; BENJAMIN L. BURGESS and JAMES R. FLEETWOOD, judges. Opinion filed July12, 2019. Judgment of the Court of Appeals affirming the judgments of the district court is affirmed. Judgments of the district court are affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, and *Krystle M.S. Dalke*, of the same firm, were on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: In this consolidated appeal, Sameli G. Roberts petitions this court for review of the Court of Appeals' decision affirming the district court's summary denial of his motion to be discharged from custody, filed in his underlying criminal case, and his

civil K.S.A. 60-1507 motion. With respect to the district court's denial of the motion to be discharged from custody filed in his underlying criminal case, Roberts does not dispute the Court of Appeals' findings. With respect to the district court's denial of his K.S.A. 60-1507 motion, Roberts argues that the district court violated his due process rights when it failed to appoint counsel to represent him after receiving the State's response to his pro se motion. He also contends that he should have been given an evidentiary hearing to make his case for relief. We affirm the lower courts on those issues.

FACTUAL AND PROCEDURAL OVERVIEW

In 2005, a jury found Roberts guilty of aggravated burglary, criminal restraint, kidnapping, aggravated assault on a law enforcement officer, criminal possession of a firearm, and four counts of aggravated robbery, and the district court sentenced him to 327 months in prison. The underlying facts of Roberts' case are set out in his direct appeal, *State v. Roberts*, No. 95,046, 2007 WL 2080373 (Kan. App. 2007) (unpublished opinion) (*Roberts I*).

On direct appeal, Roberts alleged insufficient evidence to support his convictions, ineffective assistance of counsel, and prosecutorial misconduct. The Court of Appeals remanded for a hearing on Roberts' ineffective assistance of counsel claims. On remand, the trial court held Roberts was not entitled to relief on his ineffective assistance of counsel claims. Roberts then filed an amended notice of appeal and the Court of Appeals affirmed Roberts' convictions. 2007 WL 2080373, at *2-4. This court denied review and the mandate issued in December 2007.

"In December 2008, Roberts, with the assistance of counsel, filed a K.S.A. 60-1507 motion in which he alleged, *inter alia,* that: (1) trial counsel provided ineffective assistance because he failed to inform Roberts of a plea offer from the State and (2) his overall sentence was erroneous . . . ." *Roberts v. State*, No. 102,916, 2011 WL 1814712,

3

at *2 (Kan. App. 2011) (unpublished opinion) (*Roberts II*). The Court of Appeals' opinion affirming the denial of Roberts' 2008 motion notes that, "[a]fter appointing counsel for Roberts, the district court held a nonevidentiary hearing" and "ultimately denied the motion" because "the motions, files, and records conclusively showed Roberts was not entitled to the relief requested." 2011 WL 1814712, at *2. With respect to his ineffective assistance of counsel claim, the panel held that Roberts failed to allege sufficient facts to establish deficient performance by his appellate counsel; therefore, he failed to establish exceptional circumstances to allow him to raise his trial counsel's alleged failure to inform him of a plea offer. 2011 WL 1814712, at *3-4. This court denied review and the mandate issued in October 2011.

On December 30, 2013, Roberts filed the pro se 60-1507 motion now before us that included the following claims:

- "The State violated the petitioner's Statutory and Constitutional Rights to Due Process by denying him a Speedy Trial pursuant to K.SA. 22-3402."

- "The State violated the petitioner's Statutory and Constitutional Rights to Due Process by denying him the opportunity to be present at a hearing in Court in which counsel asked for a continuance without his knowledge and despite his being objective to a continuance, pursuant to K.S.A. 22-3208."

- "The petitioner's Constitutional Rights to Effective Representation of Trial Counsel was [*sic*] violated when counsel, despite petitioner's objections continued petitioner's jury trial without petitioner being aware or present in the courtroom at the hearing, which resulted in a violation of petitioner's right to a speedy trial."

4

Roberts filed a separate motion asking the district court to appoint counsel to represent him in this 60-1507 proceeding.

On October 14, 2014, in both his underlying criminal case and his 60-1507 case, Roberts filed identical motions to be discharged from custody in which he again asserted a violation of his statutory right to speedy trial. In his 60-1507 case, on November 25, 2014, by motion minutes sheet, the district court denied what it classified as a "Miscellaneous Filing," noting "[t]he court lacks jurisdiction to address the issues raised in this motion." The court did not identify the motion it was denying. On December 22, 2014, Roberts filed a notice of appeal "against the final order," apparently appealing the denial of the "Miscellaneous Filing" but explicitly asking that his 60-1507 claims be a part of the appeal. In the meantime, on December 3, 2014, Roberts wrote to the "Chief of Judges" regarding the status of his 60-1507 motion.

On December 8, 2014, in his underlying criminal case, the district court denied Roberts' motion to be discharged from custody because of his pending 60-1507 motion. Roberts appealed that denial.

In January 2015, the State filed a response to Roberts' 60-1507 motion, arguing that the motion was untimely and successive and that Roberts had not shown the requisite manifest injustice or exceptional circumstances for an untimely, successive filing. The State also asserted that "the issues now raised were evident and actionable since the time of trial, yet movant failed to previously raise them." The next day, the district court issued its findings and order denying Roberts' motion because it was untimely and Roberts failed to establish an exception for the applicable time limit. Further, the court found the motion was successive and Roberts had not established any exceptional circumstances.

Roberts appealed the 60-1507 denial to the Court of Appeals, where he argued that the district court violated his due process rights when it failed to appoint counsel to represent him after receiving the State's response to Roberts' pro se motion. He argued that although he did not allege manifest injustice or exceptional circumstances in his 60-1507 motion, he should be afforded the opportunity to argue these factors on remand.

The Court of Appeals granted the State's motion to consolidate the appeals involving Roberts' motion to be discharged from custody filed in his underlying criminal case and Roberts' 60-1507 motion. The Court of Appeals first held the trial court did not err in summarily denying Roberts' motion to be discharged from custody because it was not the proper means for collaterally attacking his conviction when 60-1507 was available to him. *State v. Roberts*, No. 114,726, 2016 WL 6829472, at *2-4 (Kan. App. 2016) (unpublished opinion) (*Roberts III*).

Turning to his 60-1507 motion, the Court of Appeals held Roberts was not denied due process of law when he was not provided with counsel after the State filed a response to his motion. Further, the Court of Appeals held the district court did not err in summarily denying Roberts' motion because the motion was untimely and he failed to allege manifest injustice in his pro se 60-1507 motion or in his appellate brief beyond stating he should be allowed to argue manifest injustice on remand. Nevertheless, the panel considered the merits of Roberts' claim, alleging a violation of his statutory right to speedy trial and held it did not entitle Roberts to relief. The panel also held Roberts' motion was successive and Roberts failed to show exceptional circumstances prevented him from bringing his statutory speedy trial claim in his previous 60-1507 motion. *Roberts III*, 2016 WL 6829472, at *4-9.

Roberts petitioned this court for review. Although he identified the district court's denial of his motion to be discharged from custody as an issue, his petition for review states that he does not dispute the Court of Appeals' findings "as to his non-60-1507

6

motion." In other words, he conceded that the speedy trial issue in the motion to be discharged from custody should have been brought pursuant to K.S.A. 60-1507. Consequently, we deem that claim abandoned. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (point raised incidentally but not argued deemed abandoned).

Likewise, Robert's petition for review summarily claims "the district court violated his due process rights by first denying his motion stating the court lacked jurisdiction to address the issues raised in [his] motion." In support of this argument, Roberts cites to the 60-1507 court's November 25, 2014 denial of a "Miscellaneous Filing" discussed above. In addressing this point, the Court of Appeals noted that the record did not indicate what the "Miscellaneous Filing" consisted of, but reasoned, "it seems that the [60-1507] court denied Roberts' 'Motion to be Discharged From Custody' in [his 60-1507 case] as a 'Miscellaneous Filing' over which the [60-1507] court did not have jurisdiction because he had filed the same motion in his underlying criminal case." 2016 WL 6829472, at *2. In his petition for review, Roberts does not discuss the Court of Appeals' reasoning or argue why it is erroneous. Accordingly, this argument is deemed abandoned.

The remaining issues are Roberts' assertion of a due process right to appointed counsel on his 60-1507 motion and his request that he have an evidentiary hearing on the motion.

DUE PROCESS RIGHT TO APPOINTED COUNSEL

Roberts argues that the district court erred in summarily denying his K.S.A. 60-1507 motion without appointing counsel to represent him. He claims the district court failed to follow the protocol established by this court in *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000), and failed to accord him due process of law when it considered the State attorney's response without providing counsel for the movant.

7

*Standard of Review*

To the extent Roberts' claims involve his statutory right to counsel during a K.S.A. 60-1507 proceeding, we are presented with a question of law subject to unlimited review. *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018) (quoting *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 [2009]); see also *Thompson v. State*, 293 Kan. 704, 710, 270 P.3d 1089 (2011) (interpretation of statutes and Supreme Court rules raises questions of law reviewable de novo). Likewise, Roberts' due process claim raises a question of law over which we exercise unlimited review. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*Analysis*

Roberts' appellate counsel raised the same issues, supported by the same arguments, in another case, *Stewart v. State*, 309 Kan. ___, ___ P.3d ___ (2019) (No. 115,149, this day decided), which was on the same docket. In *Stewart*, we reiterated that a 60-1507 movant has no constitutional right to the effective assistance of counsel in the postconviction proceedings, but that, under some circumstances, a statutory right to counsel exists for such a collateral attack. *Stewart*, 309 Kan. at ___, slip op. at 7-9. Specifically, pursuant to K.S.A. 22-4506(b), "a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact." *Stewart*, 309 Kan. at ___, slip op. at 9.

*Stewart* clarified that the protocol set forth in *Lujan* does not *require* the appointment of counsel when the district court discerns a *potentially* substantial issue, albeit the court has the discretion to do so. "In other words, the district court may, but is not required to, appoint an indigent 60-1507 movant an attorney during the period the court is making its determination of whether the motion, files, and record present a

8

substantial question of law or triable issue of fact." *Stewart*, 309 Kan. at ___, slip op. at 11-12.

On the other hand, however, if the district court conducts an actual hearing to determine whether substantial issues are presented by the motion, files, and records, at which the State is represented by counsel, due process of law requires that the movant be represented by counsel unless he or she has waived the right to counsel. *Stewart*, 309 Kan. at ___, slip op. at 12. But *Stewart* specifically rejected Roberts' argument that the district court's consideration of the State's response, standing alone, is the functional equivalent of the court conducting a hearing at which the State is represented by an attorney. *Stewart*, 309 Kan. at ___, slip op. at 16.

In short, the district court did not determine that Roberts' motion, and the files and records of the case, presented a substantial question of law or triable issue of fact. Consequently, the district court was not statutorily required to appoint Roberts an attorney. Further, the district court did not conduct a hearing at which the State was represented by counsel, so as to trigger Roberts' due process right to appointed counsel. The Court of Appeals' holding on Roberts' appointment-of-counsel issue is affirmed.

SUMMARY DENIAL OF THE K.S.A. 60-1507 MOTION

The district court summarily denied Roberts' motion as untimely, noting that Roberts had failed to request or establish an exception to the applicable time limits. Alternatively, the district court denied the motion as being successive, and Roberts failed to establish any exceptional circumstances that would excuse his failure to previously raise the issues before the district court or on direct appeal. Roberts concedes that he did not allege that manifest injustice or exceptional circumstances warranted review of his current, untimely, and successive motion. But he contends that he should be able to argue those exceptions on remand because he has raised several claims concerning trial

9

counsel's deficient representation that prejudiced his trial and violated his statutory speedy trial right.

*Standard of Review*

The district court denied Roberts' motion without conducting a hearing. "When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 (2011).

*Analysis*

Roberts does not dispute that his current K.S.A. 60-1507 motion was untimely, as well as successive. There is good reason for that tack. Roberts filed the subject motion six years after the conclusion of his direct appeal, which was also two years after the denial of his previous 60-1507 motion, i.e., well beyond the one-year limit of K.S.A. 60-1507(f). Both his direct appeal and previous 60-1507 motion claimed ineffective assistance of counsel, an issue that he again asserts in this proceeding. See K.S.A. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.").

Nevertheless, both procedural bars are subject to exceptions. The 60-1507(f) time limit "may be extended by the court only to prevent a manifest injustice." "[M]anifest injustice" in the context of habeas corpus means ""obviously unfair"" or ""shocking to the conscience."" *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 (2014), *superseded by statute as stated in White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). In *White*, this court held the 2016 legislative changes to 60-1507(f) do not apply

10

retroactively. 308 Kan. at 498. Accordingly, this court's decision in *Vontress*, establishing a nonexhaustive list of factors, would apply here, to-wit:

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." 299 Kan. at 616.

In evaluating these factors, "courts consider all factors under the totality of the circumstances rather than balancing factors against each other, need not give the factors equal weight, and should not consider any single factor dispositive." *White*, 308 Kan. at 504. But "[a] defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013).

Roberts' pro se motion merely cited to K.S.A. 60-1507(f)(2) without explaining why failing to consider his motion would result in manifest injustice. Then, Roberts failed to explain to the Court of Appeals why the manifest injustice exception applied to him, prompting the panel to note that an issue not briefed is deemed waived and abandoned and failure to support a point with relevant authority or show why it is sound in light of an absence of authority is the same as failing to brief the issue. *Roberts III*, 2016 WL 6829472, at *7. And inexplicably, on review, Roberts continues to avoid making his case for manifest injustice, contending that he should be entitled to a remand to enable him to have another chance at arguing manifest injustice to the district court. That strategy is simply unavailing. It was incumbent on appellant to show why the district court erred in not applying the manifest injustice exception to extend the time limit on his 60-1507 motion. He has failed in that respect, especially in light of the panel's uncontested holding that this court's retroactive application of the 2012

11

amendments to K.S.A. 22-3402 would undermine Roberts' statutory speedy trial claim. *Roberts III*, 2016 WL 6829472, at *8.

Roberts' remand strategy is no more effective with respect to the successive motion bar. It was his burden to establish the exceptional circumstances necessary to justify a second or successive motion. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018) ("To avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances."). Granted, we recently opined that "a plain reading of [Rule 183(d) on successive motions] would suggest that a district court is permitted to decline to consider a successive motion *only* 'when . . . justice would not be served by reaching the merits of the subsequent motion.'" *Nguyen v. State*, 309 Kan. 96, 108, 431 P.3d 862 (2018). See Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 230). But in light of the panel's above-mentioned holding, Roberts fails to show how reaching the merits of his successive motion would serve justice.

In sum, Roberts' request for a remand to attempt to make his case to the district court for exceptions to the procedural bars to his untimely and successive K.S.A. 60-1507 motion, in lieu of establishing the existence of the exceptions on appeal, is denied. The holdings of the lower courts are affirmed.

Affirmed.