NOT DESIGNATED FOR PUBLICATION

Nos. 124,258
124,266

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARC SIGLER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Submitted without oral argument. Opinion filed January 5, 2024. Appeal dismissed.


*James M. Latta*, of Kansas Appellate Defender Office, for appellant.


*Kayla Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., COBLE and PICKERING, JJ.


PER CURIAM:  Marc Sigler—who was convicted of two counts of attempted second-degree murder in 2014—appeals from the district court's denial of his K.S.A. 60-1507 motion. After holding an evidentiary hearing, the district court denied the motion. On appeal, Sigler contends the district court erred in denying his K.S.A. 60-1507 motion for a variety of reasons. However, we find that Sigler failed to timely file his K.S.A. 60-1507 motion and that he has failed to show manifest injustice in order to justify his belated filing. Thus, for the reasons set forth in this opinion, we dismiss this appeal.

1

FACTS

On September 4, 2013, the State charged Sigler with aggravated battery and aggravated assault against a minor. The State later amended the charges to two counts of attempted first-degree murder. After plea negotiations, Sigler pled no contest to two counts of attempted second-degree murder, and the district court found him guilty of both charges on January 24, 2014. The parties agreed to recommend a prison sentence of 110 months' imprisonment, and the district court sentenced Sigler according to that recommendation. Sigler did not file a direct appeal from his convictions or sentence.

On April 3, 2015, an attorney entered his appearance on Sigler's behalf and filed a motion claiming that the one-year period to seek K.S.A. 60-1507 relief was set to expire on April 14, 2015. As such, Sigler requested an additional 30 days to file a motion "should one be filed." We cannot tell from the record on appeal whether the motion was granted, but it is evident that Sigler did not file a K.S.A. 60-1507 motion during that time period. Moreover, on June 4, 2018, the attorney filed a motion to withdraw from Sigler's case and represented to the district court that there were "no matters currently pending in the above action." The next day, the district court granted counsel's motion to withdraw.

On July 9, 2018, Sigler filed a pro se motion that was captioned as a "Motion to Correct Illegal Sentence." Over the next few weeks to months, Sigler submitted additional pro se filings. The district court appointed counsel to represent Sigler, and counsel withdrew Sigler's pro se motion to correct illegal sentence. Instead, the newly appointed attorney filed a K.S.A. 60-1507 motion on Sigler's behalf in November 2019. In the motion, Sigler claimed that he was not competent at the time he entered his pleas. In addition, he asserted that his trial counsel was ineffective for various reasons and that counsel had a conflict of interest.

On October 1, 2020, the district court conducted an evidentiary hearing on Sigler's K.S.A. 60-1507 motion. Significantly, the same district court judge who had presided over Sigler's plea hearing and sentencing also presided over the evidentiary hearing. At the hearing, four witnesses testified. Both Sigler and the State called expert witnesses to testify about his competency when he entered his pleas. Likewise, Sigler's trial counsel testified, and Sigler also testified on his own behalf. At the conclusion of the hearing, the district court took the motion under advisement.

On June 9, 2021, the district court entered a 10-page order finding that trial counsel did not provide ineffective representation to Sigler. Further, the district court found that trial counsel did not have a conflict of interest. The district court also found many of Sigler's claims to be speculative and conclusory. In addition, the district court did not find Sigler's testimony to be credible.

About a week later, the district court entered an additional six-page "Retroactive Competency Order." First, the district court reviewed caselaw regarding the feasibility of a retroactive competency hearing and found that a valid determination was possible in this case. After considering the evidence presented at the hearing—including that of the expert witnesses and the information that Sigler provided in his pro se filings—the district court confirmed that that Sigler had been competent to enter his pleas in 2014.

In its order, the district court explained:

"Events relating to meetings with his counsel and conversations with his family show that [Sigler] had clear knowledge of what was occurring. He recalls numerous aspects of his case: Duma's alleged conflicting representation; talking/arguing with his Father regarding the facts of the prior representation and the facts of this case; arguments establishing the failure of the State to fully investigate the true facts of the crime and how that party jumped to an early opinion as to his guilt; at times Sigler expressed no knowledge of what occurred on the night of the shootings but at other times he argues

3

that his alleged facts established that he was overcharged or should not have been charged at all; and he describes how officers forced him out of the house and set him on a curb even though he was gravely wounded—the same officers went with him to the hospital and kept him shackled to the gurney. His recollection of events before and after the plea hearing are established in his pro se writings.

"With the vast recollection and knowledge that Sigler provides of the shootings, the treatment at KU Medical Center, the discussion of his case with family and trial counsel in the weeks before the plea hearing, it is hard to reconcile this with the claim that he did not know what was going on from the time of his injury to when he entered his plea. After the plea he and his family worked together to provide trial counsel with letters of support for concurrent sentences or leniency in general."

In addition, the district court found that when entering his pleas, Sigler had indicated that his "'mind [was] clear'" and that he was satisfied with his trial counsel's assistance. The district court also explained that it had personally observed Sigler both at the plea hearing and at the sentencing hearing. Based on these observations, the district court found that "there did not appear to be any reason to question the ability of [Sigler] to proceed with a plea or sentencing." Likewise, the district court found no reason to order a competency evaluation.

On July 1, 2021, although the original pro se filings had previously been withdrawn by counsel, the district court filed a third order in which it denied Sigler's remaining pro se claims after Sigler had expressed some concern that the district court was not considering all of his claims. Subsequently, on August 6, 2021, the district court filed an order denying Sigler's motion to correct illegal sentence even though counsel had previously withdrawn that motion. Thereafter, Sigler filed two appeals—one arising out of his criminal case and the other arising out of his K.S.A. 60-1507 motion—and this court consolidated the cases on appeal.

4

On appeal, Sigler contends that the district court erred in denying his K.S.A. 60-1507 motion. In response, the State contends that Sigler's K.S.A. 60-1507 motion was untimely filed and should be dismissed. We agree.

K.S.A. 60-1507(f)(1) requires a motion to be filed one year from sentencing. In this case, the statute required Sigler to file his motion within one year of sentencing because he had not filed a direct appeal. Because the district court sentenced Sigler on April 4, 2014, Sigler should have filed any issues appropriate for a K.S.A. 60-1507 motion by April 4, 2015. However, Sigler did not file his pro se motion until July 9, 2018, and he did not file his K.S.A. 60-1507 motion until November 21, 2019.

A district court must dismiss a K.S.A. 60-1507 motion as untimely if, "upon its own inspection of the motions, files and records of the case, [it] determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice . . . ." K.S.A. 2022 Supp. 60-1507(f)(3). In order to prevent manifest injustice, a district court may extend that time to file the motion. K.S.A. 2022 Supp. 60-1507(f)(2). But if one who files an untimely motion fails to assert manifest injustice, the movant is "'procedurally barred from maintaining the action.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019).

Here, Sigler previously sought a 30-day extension of the deadline to potentially file a K.S.A. 60-1507 motion back in 2015. But he did not file his K.S.A. 60-1507 motion until several years later. And when he finally did so, he did not argue—or even mention—manifest injustice. As Sigler has made no effort to show manifest injustice to excuse the untimely filing of his K.S.A. 60-1507 motion, we find that he is procedurally barred from seeking relief under that statute. Although the district court did not deny Sigler's claim on this basis, we may affirm where "an alternative basis exists for the

district court's ruling." *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019). Sigler makes no claim on appeal that his sentence is illegal. Accordingly, because we conclude that dismissal of the appeal on the ground of untimeliness is appropriate under the circumstances presented in this case, we do not need to consider the other grounds upon which Sigler's motions were denied.

Appeal dismissed.