NOT DESIGNATED FOR PUBLICATION

No. 127,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LLOYD L.J. JACKSON III,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument. Opinion filed June 20, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kirstyn D. Malloy*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Lloyd L.J. Jackson III claims his counsel was ineffective during his probation revocation hearing and now timely appeals the district court's summary denial of his pro se K.S.A. 60-1507 motion. After our careful review, we find counsel was not ineffective. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts underlying Jackson's conviction, sentence, and probation revocation were set forth by another panel of this court in *State v. Jackson*, No. 122,822, 2022 WL 2392515, at *1-2 (Kan. App. 2022) (unpublished opinion). Briefly summarized, Jackon entered a no-contest plea to one count of aggravated robbery in August 2018. The district court sentenced him to 180 months' imprisonment, suspended to 36 months' supervised probation.

Jackson's probation did not go well. About a month after sentencing, Jackson was involved in a shooting at a gas station in Kansas City, Kansas. He was charged with criminal possession of a firearm, and the State moved to revoke his probation. The State amended the charge to add criminal discharge of a firearm into an occupied vehicle, and the matter proceeded to trial.

The trial resulted in a hung jury. The trial judge then took up the allegations in the motion to revoke probation based on the evidence presented at trial and found the State met its burden to prove Jackson committed new crimes and violated his probation based on the preponderance of the evidence—criminal possession of a firearm and criminal discharge of a firearm. With the finding Jackson violated his probation, the case was transferred to Jackson's sentencing judge to determine disposition. At the dispositional hearing, the sentencing judge accepted the trial judge's finding that Jackson violated his probation by committing new crimes. Jackson's probation was revoked, and he was ordered to serve his underlying sentence.

On appeal, the *Jackson* panel affirmed Jackson's probation revocation, finding (1) there was sufficient evidence he violated his probation, and (2) his due process rights were not violated by the evidence presented at his criminal trial being used as the basis to establish he violated his probation. 2022 WL 2392515, at *4-5.

2

Jackson timely filed a pro se K.S.A. 60-1507 motion, alleging: (1) There was insufficient evidence to show he violated the terms of his probation; (2) his due process rights were violated based on the trial evidence serving as the basis to find he violated his probation; and (3) his counsel provided ineffective assistance for failing to object to certain evidence and/or allegations in the revocation proceedings. The district court summarily denied Jackson's motion, finding his arguments were either barred by res judicata or without merit.

ANALYSIS

Jackson acknowledges the first two claims in his K.S.A. 60-1507 motion are barred by res judicata because they were previously addressed in his direct appeal affirming his probation revocation. However, he asserts the district court erred in summarily denying his ineffective assistance of counsel claim.

*Standard of Review*

"'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). Jackson, as the movant, bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, Jackson's contentions must be more than conclusory, and he must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. See *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

Here, Jackson asserts his counsel provided ineffective assistance and now must show (1) counsel's performance was objectively unreasonable under the circumstances, and (2) but for counsel's errors, there is a reasonable probability the outcome would have

3

been different. *State v. Evans*, 315 Kan. 211, 218, 506 P.3d 260 (2022). Simply put, Jackson must show both an error in counsel's performance and prejudice as a result.

*Discussion*

Jackson argues the district court erred because he raised a meritorious claim regarding his counsel's performance. He asserts his attorney failed to object to hearsay evidence presented at the dispositional hearing. However, Jackson's argument on appeal differs from what he asserted before the district court. In his K.S.A. 60-1507 motion, Jackson argued his attorney was ineffective for failing to object to the State relying on different allegations than were asserted in its motion to revoke probation. Specifically, the State's motion alleged he committed the new crime of criminal possession of a firearm, whereas the State later argued—based on its amended charge—Jackson committed the new crimes of criminal possession and/or criminal discharge of a firearm.

Jackson fails to acknowledge he is making a different argument on appeal. Issues not raised before the district court are generally not appropriate to raise on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). We decline to consider Jackson's unpreserved claim because he has not acknowledged he is making a new argument, much less explained an exception to permit considering the point for the first time on appeal. See *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022); Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36).

In any event, Jackson's argument that his counsel was ineffective is unpersuasive. Jackson faults his attorney for failing to object to hearsay testimony at the dispositional hearing summarizing the events underlying his criminal possession and criminal discharge of a firearm charges while on probation. Even assuming this was deficient performance, Jackson does not argue or explain how he was prejudiced as a result. Without demonstrating both deficient performance and prejudice, Jackson cannot show

4

he was entitled to an evidentiary hearing on his ineffective assistance of counsel claim. See *Evans*, 315 Kan. at 218; *Thuko*, 310 Kan. at 80.

Affirmed.