NOT DESIGNATED FOR PUBLICATION

No. 128,365

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDDIE GORDON SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Submitted without oral argument. Opinion filed March 20, 2026. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: Eddie Anthony Gordon Sr. pled guilty to second-degree murder in 2011. After filing multiple postsentence motions, he filed a motion for relief under K.S.A. 60-1507 on February 6, 2023. In his motion, Gordon alleged that the district court erred in calculating his criminal history score; his trial attorneys were ineffective for requesting a trial continuance; and the prosecutor coerced a codefendant to give false testimony at a deposition prior to trial. The district court summarily denied Gordon's motion, finding that it was time-barred, successive, precluded by res judicata, and conclusory. On appeal, Gordon challenges each of the district court's findings.

1

After a de novo review of the record, we find that the motion, files, and records of the case do not conclusively establish that Gordon is entitled to relief because his motion was untimely. Because dismissal was mandatory due to untimeliness, we need not consider the remaining grounds upon which Gordon's motion was dismissed. The district court did not err in summarily denying Gordon's motion. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Gordon appeals the district court's summary denial of his K.S.A. 60-1507 motion. The procedural history of Gordon's case is relevant to his appeal, and so we begin with a brief description of the events leading up to Gordon's K.S.A. 60-1507 motion.

*Original Conviction and Sentencing*

On November 24, 2010, the State charged Gordon with first-degree felony murder, aggravated robbery, conspiracy to commit aggravated robbery, and aggravated burglary. Later, the State amended the complaint to reduce aggravated robbery to attempted aggravated robbery and added a count of aggravated assault. Gordon waived arraignment, and the district court scheduled a jury trial for June 27, 2011. On June 23, 2011, the district court considered a motion to continue the jury trial filed on Gordon's behalf. The motion alleged that the defense had just received "a large amount" of discovery and needed additional time to prepare for trial. After accepting Gordon's waiver of his speedy trial rights, the district court granted the continuance and rescheduled the trial for October 11, 2011.

As the case proceeded, the parties reached an agreement, and a plea hearing was held on October 7, 2011—just a few days before the scheduled trial. Gordon pled guilty to second-degree intentional murder, a severity level 1 person felony, and the State dismissed all other charges against him. At sentencing, the district court determined

2

Gordon's criminal history score to be "C", and Gordon did not object to that finding. The district court imposed a 285-month prison sentence. Gordon did not file a direct appeal.

*Motion to Withdraw Plea After Sentencing*

Gordon filed a pro se "Motion to Withdraw Guilty Plea" in June 2012. In his motion, Gordon argued his trial attorneys were "insufficient" because (1) they told Gordon he would only be sentenced to "about or around 255 months in prison"; (2) they did not object to his criminal history score which should have been "D"; (3) they ignored his request to go to trial; and (4) they failed to show he was not guilty. After an evidentiary hearing on February 6, 2013, the district court denied Gordon's motion to withdraw his plea. Gordon appealed, and a panel of this Court affirmed. *State v. Gordon*, No. 113,513, 2016 WL 2609625 (Kan. App. 2016) (unpublished opinion).

*Motion on Ineffective Assistance of Counsel*

Next, Gordon filed a pro se motion on February 6, 2013, titled "Motion on Ineffective Assistance of Counsel." This motion raised the same allegations as Gordon's "Motion to Withdraw Guilty Plea" filed in June 2012. The district court denied this motion on February 8, 2013. Gordon did not appeal.

*Pro Se Motion on Ineffective Assistance of Counsel*

A little over a year later, on April 18, 2014, Gordon filed a "Pro Se Motion on Ineffective Assistance of Counsel." The district court denied Gordon's motion on April 30, 2014, noting that the issue raised in the motion had already been ruled on by the court. Gordon did not appeal.

*Motion to Correct Illegal Sentence*

Nearly six years later, in December 2020, Gordon filed a motion to correct an illegal sentence and argued his criminal history score was incorrect. The district court summarily denied that motion in May 2021. A notice of appeal was filed but was withdrawn on April 13, 2022.

*Second Motion to Correct Illegal Sentence*

On November 23, 2022, Gordon filed another motion to correct an illegal sentence. Gordon again argued that his trial attorneys were ineffective and the district court erred in calculating his criminal history score. The district court summarily denied the motion on February 9, 2023. Gordon filed a motion to reconsider, which was denied. Gordon appealed, and a panel of this Court affirmed. *State v. Gordon*, No. 126,547, 2024 WL 4403118 (Kan. App. 2024) (unpublished opinion), *rev. denied* 320 Kan. 864 (2025).

*K.S.A. 60-1507 Motion*

While his second motion to correct illegal sentence was still pending, Gordon filed a K.S.A. 60-1507 motion on February 6, 2023. In his motion, Gordon argued: (1) the district court erred in calculating his criminal history score; (2) his trial attorneys were ineffective for requesting a trial continuance after receiving additional discovery from the State; and (3) the prosecutor coerced a co-defendant to give false testimony at a deposition prior to trial. The district court summarily denied the motion on February 9, 2023, at the same time it ruled on Gordon's second motion to correct illegal sentence. The district court held that Gordon's K.S.A. 60-1507 motion was untimely, successive, and barred by res judicata. The district court also found Gordon's claims were conclusory and lacked substantive merit. Gordon filed a motion to reconsider on February 27, 2023, which was denied in a written decision issued on March 8, 2023. Before the district court could decide Gordon's motion to reconsider, Gordon filed a notice of appeal on March 6,

4

2023. Gordon filed a second notice of appeal on January 22, 2024, which did not include the district court's order denying Gordon's motion to reconsider and is of no consequence.

Gordon timely appeals the district court's order summarily denying his K.S.A. 60-1507 motion.

DID THE DISTRICT COURT ERR BY SUMMARILY DENYING GORDON'S K.S.A. 60-1507 MOTION?

*Standard of Review*

A district court has three options when addressing a K.S.A. 60-1507 motion:

"(1) The court may determine that the motion, files, or case records conclusively show the person is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. [Citations Omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

The standard of review depends on which of these options the district court selects when addressing the motion. 311 Kan. at 578. When the district court has summarily dismissed a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Discussion*

Gordon argues the district court erred in denying his K.S.A. 60-1507 motion. The district court summarily denied Gordon's K.S.A. 60-1507 motion as untimely, successive, and barred by res judicata. It also found that Gordon's claims were conclusory and lacked merit. Gordon challenges each of these findings on appeal.

*Gordon's K.S.A. 60-1507 motion is untimely.*

The time limitations applicable to Gordon's K.S.A. 60-1507 motion are contained in K.S.A. 60-1507(f)(1):

> "(f) *Time limitations*. (1) Any action under this section must be brought within one year of:
>
> (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction;
>
> (B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition; or
>
> (C) the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later."

Gordon concedes that he did not file his K.S.A. 60-1507 motion within one year of the circumstances described in (f)(1)(A) or (B). Gordon was convicted in 2011 and did not file a direct appeal. Once Gordon's deadline to file a direct appeal passed in 2011, appellate jurisdiction under (f)(1)(A) terminated. He then had one year to file his K.S.A. 60-1507 motion but did not do so until February 6, 2023. Because Gordon did not file a direct appeal, he also did not file a petition for writ of certiorari, making (f)(1)(B) inapplicable. Gordon did not meet the deadline set in K.S.A. 60-1507(f)(1)(A) or (B).

6

Instead, Gordon claims that he met the deadline established under K.S.A. 60-1507(f)(1)(C). Although K.S.A. 60-1507(f)(1)(C) was not added to the statute until 2022, Gordon's motion on appeal here was filed February 6, 2023, making this provision applicable to our timeliness calculation. The one-year deadline under this subsection begins to run from the final decision of "the district court denying a *prior motion* under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such *prior motion* or the denial of the petition for review on such *prior motion*, whichever is later." (Emphases added.) K.S.A. 60-1507(f)(1)(C).

Gordon argues that we should designate Gordon's post sentence motion to withdraw plea that was filed in 2012 as the "prior motion" under K.S.A. 60-1507(f)(1)(C). Gordon points out that the denial of his petition for review on that motion occurred on April 19, 2017, and the mandate was issued May 11, 2017. He argues that to be timely, "he need only explain the time period between May 11, 2017, and March 19, 2020." He presumably makes this argument because on March 20, 2020, the Kansas Supreme Court issued Supreme Court Administrative Order 2020-PR-016 suspending all statutory time standards effective March 18, 2020, due to the COVID-19 pandemic. The suspension on statutory time standards pertaining to K.S.A. 60-1507 motions was lifted effective August 2, 2021, through Kansas Supreme Court Administrative Order 2021-PR-100.

Gordon fails to explain why his motion to withdraw plea from 2012 should be treated as a "prior motion" under K.S.A. 60-1507. But assuming the pleading qualifies as a "prior motion," Gordon does not explain why the period between May 11, 2017, and March 19, 2020, should not be counted in his one-year deadline. The one-year deadline to file his K.S.A. 60-1507 motion would have expired in 2018—prior to the COVID-19 time standard suspensions taking effect.

7

Thus, even if we were to construe Gordon's motion to withdraw plea from 2012 as "a prior motion under this section" pursuant to K.S.A. 60-1507(f)(1)(C), his motion was still untimely unless he can prove we must extend the one-year time limitation "to prevent a manifest injustice." K.S.A. 60-1507(f)(2). We will discuss Gordon's manifest injustice argument after addressing a second pleading Gordon cites as the basis for relief.

Gordon argues that we should also consider a second postsentencing motion as "a prior motion under this section." K.S.A. 60-1507(f)(1)(C). He alleges that his motion to correct illegal sentence filed on December 21, 2020, satisfies the definition. Gordon notes that his motion was denied on May 26, 2021. He filed a notice of appeal on July 21, 2021, but withdrew the notice of appeal on April 13, 2022. Gordon claims that because he filed his K.S.A. 60-1507 motion on February 6, 2023, his motion is timely because it was filed within one year of the date he withdrew his notice of appeal on April 13, 2022. We need not resolve whether Gordon's motion to correct illegal sentence is a "prior motion under this section" because even if we make that assumption, his claim that the one-year deadline to file his current K.S.A. 60-1507 motion should run from April 13, 2022, is without merit.

Gordon cites no authority that the one-year deadline under K.S.A. 60-1507(f)(1)(C) started running on the date he withdrew his notice of appeal on his motion to correct illegal sentence on April 13, 2022. "Issues not adequately briefed are deemed waived or abandoned." *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021).

To the contrary, K.S.A. 60-1507(f)(1)(C) clearly starts the one-year deadline from a "decision of the district court denying a prior motion under this section," or "the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion," or "the denial of the petition for review on such prior motion, whichever is later." K.S.A. 60-1507(f)(1)(C). Here, only one of those things occurred—the district court's denial of his motion to correct illegal sentence. No appellate court ever rendered an opinion

because Gordon withdrew the notice of appeal before it was ever docketed. This court could not enter a ruling in the matter because we would not have had jurisdiction over the case until the appeal was docketed, which it was not.

Gordon's motion to correct illegal sentence was denied by the district court on May 26, 2021. His one year under K.S.A. 60-1507(f)(1)(C) would have expired on May 26, 2022, but for the application of Kansas Supreme Court Administrative Order 2020-PR-016 which suspended the time limitations pertaining to K.S.A. 60-1507 from March 18, 2020, until they were reinstated effective August 2, 2021. This means Gordon's one-year deadline did not start running under K.S.A. 60-1507(f)(1)(C) until August 2, 2021. But even with the benefit of the suspended time limits, Gordon's K.S.A. 60-1507 motion should have been filed by August 2, 2022. His motion, filed on February 8, 2023, was clearly filed beyond the one-year limitation.

Finally, with regard to both filings Gordon claims were "prior motions" under K.S.A. 60-1507, Gordon misses a critical point: K.S.A. 60-1507(f)(1)(C) does not apply.

Panels of this court have interpreted K.S.A. 60-1507(f)(1)(C) to apply only to claims of ineffective assistance of counsel against a *prior K.S.A. 60-1507 counsel*. See *Denney v. State*, No. 126,784, 2024 WL 3738410, at *3-4 (Kan. App. 2024) (unpublished opinion) ("Thus, there is no question that K.S.A. 2023 Supp. 60-1507(f)(1)(C) applies only to prolong the one-year time frame to bring ineffective assistance of counsel claims against a previous K.S.A. 60-1507 attorney."); *Stevenson v. State*, No. 124,380, 2023 WL 2723285, at *6 (Kan. App. 2023) (unpublished opinion) ("The one-year period for filing a successive K.S.A. 60-1507 motion to challenge counsel's representation in a prior K.S.A. 60-1507 proceeding begins when the mandate is issued in that prior 60-1507 proceeding.").

9

None of the claims raised by Gordon in his K.S.A. 60-1507 motion involve allegations of ineffective assistance against prior K.S.A. 60-1507 counsel. In fact, Gordon never had a prior K.S.A. 60-1507 motion with which to challenge that counsel's representation. Gordon only mentions one of his prior motions that might be construed as a K.S.A. 60-1507 motion, which was his motion to withdraw plea; but even so, his current claims do not involve the attorney who handled that motion. And, as we have explained, even if his K.S.A. 60-1507 claims did involve that attorney, he was well beyond his time limit to make those claims.

Gordon's K.S.A. 60-1507 motion is instead based on allegations against his trial counsel. He alleges his trial attorneys were ineffective because they did not object to his criminal history score and requested a trial continuance after receiving additional discovery from the State. Gordon does not raise any claims related to attorneys handling any prior motion that might be construed as a "prior motion" under K.S.A. 60-1507. Because Gordon does not raise claims against any prior K.S.A. 60-1507 counsel, K.S.A. 60-1507(f)(1)(C) cannot provide Gordon relief.

*There was no manifest injustice requiring extension of the one-year deadline.*

Gordon alternatively argues that the district court should have extended the one-year filing deadline to prevent manifest injustice under K.S.A. 60-1507(f)(2). In support, he asserts that he has continuously sought postconviction relief through various motions challenging his sentence and criminal history. He states that the record from his criminal case "bears out that [he] has been seeking postconviction relief from his sentence—in the form of habeas corpus or illegal sentence motion—nonstop since his original sentencing."

The district court may only extend the one-year time limitation to bring an action under K.S.A. 60-1507 "to prevent a manifest injustice." K.S.A. 60-1507(f)(2). The court is limited in its consideration of whether "manifest injustice" exists:

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 60-1507(f)(2)(A).

The Kansas Supreme Court has described "manifest injustice" in the context of K.S.A. 60-1507(f)(2)(A) as something "obviously unfair" or "shocking to the conscience." *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019). Courts are to dismiss a motion as being untimely if after inspection of the motion, files, and records of the case, the court determines that the time limitation has been exceeded and dismissing the motion would not equate to manifest injustice. K.S.A. 60-1507(f)(3).

Gordon does not explain why he waited beyond the deadline to file his K.S.A. 60-1507 motion. Gordon has not identified newly discovered evidence, a change in controlling law, or any external impediment that prevented timely filing. Nor has Gordon advanced a colorable claim of actual innocence. Accordingly, Gordon cannot rely on manifest injustice to excuse his untimely filing.

We note here that the district court summarily denied Gordon's motion on multiple other grounds—finding his claims were successive, barred by res judicata, conclusory, and lacking merit. But because we find that Gordon's K.S.A. 60-1507 motion was untimely, we need not consider these additional grounds for the district court's decision. See *State v. Robinson*, No. 126,058, 2023 WL 8520786, at *5 (Kan. App. 2023) (unpublished opinion) ("Because dismissal after a proper finding of untimeliness is mandatory, we do not consider the other grounds upon which Robinson's motions, construed as K.S.A. 60-1507 motions, were dismissed.").

11

After conducting a de novo review, we conclude that the motion, files, and records of the case do not conclusively establish that Gordon is entitled to relief because his motion was untimely. *Beauclair*, 308 Kan. at 293; K.S.A. 60-1507(f)(1). The district court did not err in summarily dismissing Gordon's K.S.A. 60-1507 motion.

Affirmed.