NOT DESIGNATED FOR PUBLICATION

No. 128,627

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN ELMER GOODPASTURE JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Submitted without oral argument. Opinion filed June 26, 2026. Affirmed.

*Mark Sevart*, of Derby, for appellant, and *John E. Goodpasture Jr*., appellant pro se.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: John Elmer Goodpasture Jr. was convicted of 21 counts of sex crimes against minor children and sentenced to consecutive terms of imprisonment for life with no possibility of parole for 25 years. Goodpasture now timely appeals from the district court's summary denial of his second K.S.A. 60-1507 motion, wherein he alleged his prior habeas counsel was ineffective in litigating his first K.S.A. 60-1507 motion. After careful review, we find the issues Goodpasture raises on appeal in both his counseled brief and his pro se brief are unsupported by the record or are otherwise unpersuasive. We affirm.

1

The full factual and procedural background underlying Goodpasture's convictions and sentences was set out in his direct appeal and need not be repeated here. *State v. Goodpasture*, No. 110,445, 2014 WL 6490223, at *1-2 (Kan. App. 2014) (unpublished opinion). Additional facts were set forth in Goodpasture's appeal from the denial of his first K.S.A. 60-1507 motion. *Goodpasture v. State*, No. 120,195, 2020 WL 857992, at *1-2 (Kan. App. 2020) (unpublished opinion). Relevant to this appeal, a jury convicted Goodpasture of 21 counts of sex crimes against two minor children—16 against D.H. and 5 against S.L. He was sentenced to multiple consecutive terms of imprisonment for life without the possibility of parole for 25 years. Goodpasture unsuccessfully challenged his convictions and sentences on direct appeal. *Goodpasture*, 2014 WL 6490223, at *11.

Goodpasture subsequently filed a K.S.A. 60-1507 motion, arguing his trial counsel was ineffective. Habeas counsel was appointed to represent Goodpasture, and the district court held an evidentiary hearing. The district court found Goodpasture was not entitled to relief and denied his motion. Another panel of our court affirmed the denial of his motion. *Goodpasture*, 2020 WL 857992, at *2, 16.

Not satisfied with the results from his first K.S.A. 60-1507 motion, Goodpasture has now filed his second K.S.A. 60-1507 motion, asserting habeas counsel was ineffective in litigating Goodpasture's claims against his trial counsel. His claims against habeas counsel can be summarized as follows:

- Counsel abandoned the fourth issue raised in Goodpasture's first K.S.A. 60-1507 motion—whether trial counsel was ineffective for allowing S.L. to testify by closed-circuit television;
- Counsel failed to challenge the State's use of allegedly perjured testimony from S.L. and D.H.;

- Counsel abandoned a claim that a phone recording of S.L. allegedly admitting to D.H. that she fabricated the claims against Goodpasture should have been introduced at trial;

- Counsel abandoned a claim or claims based on newly discovered evidence that Goodpasture was actually innocent;

- Counsel abandoned a claim that a detective's interview of S.L. was unduly coercive; and

- Counsel abandoned a claim that trial counsel was ineffective for conceding S.L. was available for cross-examination, despite her inability to remember certain aspects of the crimes committed against her.

Goodpasture filed a motion to amend his K.S.A. 60-1507 motion, which the district court denied. Goodpasture also filed a motion for oral argument, wherein he requested to recall jurors. That motion was also denied. The district court summarily denied Goodpasture's K.S.A. 60-1507 motion, finding the claims raised therein did not warrant an evidentiary hearing. The district court also denied Goodpasture's subsequent motions to alter or amend judgment. Additional facts are set forth as necessary.

ANALYSIS

Goodpasture argues the district court erred in summarily denying his current K.S.A. 60-1507 motion. "'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). Goodpasture has the burden to prove an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

3

Goodpasture's claims fail for several reasons. To begin, he has not furnished us with a sufficient record. He complains of actions by his first habeas counsel in relation to claims advanced against his trial counsel. However, the present record on appeal does not include the relevant portions of either the trial records used in his direct appeal or the first habeas proceedings that resulted in the appeal from the denial of his first K.S.A. 60-1507 motion. Accordingly, we are not in a position to evaluate the effectiveness of what counsel did in the first habeas proceeding when contesting the effectiveness of trial counsel's representation at trial.

It is a well-established rule of appellate procedure that the appellant has an affirmative duty to furnish a sufficient record to support his or her claims of error. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see Supreme Court Rule 6.02(a)(4) (2026 Kan. S. Ct. R. at 36). Without a sufficient record, we must presume Goodpasture's claims are unsupported. But even so, we are unpersuaded Goodpasture has properly identified any errors in the ruling below.

As a preliminary matter, neither Goodpasture nor his attorney addresses the district court's denial of his motion to amend. Issues not briefed are deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020). Thus, we will not consider any points raised in the motion to amend. As to the points addressed in the district court's denial of Goodpasture's K.S.A. 60-1507 motion, Goodpasture has not shown error in the district court's ruling. The district court considered all six of the issues raised in Goodpasture's motion. We will address them in the same order.

The district court first addressed Goodpasture's claim that habeas counsel abandoned the fourth issue raised in his prior K.S.A. 60-1507 petition. The district court rejected that argument, noting the fourth claim raised in Goodpasture's first K.S.A. 60-1507 motion was not the same point he now claims was abandoned. The district court

4

referred to the transcript of the prior evidentiary proceeding and found Goodpasture's prior claim—whether trial counsel was ineffective for allowing S.L. to testify by closed-circuit television—was, in fact, litigated in the first K.S.A. 60-1507 proceedings. Because the record on appeal does not contain the relevant filings and transcripts from the first K.S.A. 60-1507 proceedings, we are in no position to reverse the district court's determination. See *Friedman*, 296 Kan. at 644.

Additionally, we are unpersuaded by the manner in which this point is addressed in the brief filed by Goodpasture's counsel. In his pro se brief, Goodpasture expressly declines to address this point, stating it "is highly irrelevant and unnecessary to [b]rief." Thus, he has explicitly waived this claim in his pro se brief. See *In re Adoption of Baby Girl G.*, 311 Kan. at 803.

As to the second issue, the district court rejected Goodpasture's argument that habeas counsel abandoned a claim that the State used perjured testimony by S.L. and D.H. The district court found the claim was never raised in Goodpasture's first K.S.A. 60-1507 motion; thus, it could not have been abandoned. Again, we are in no position to disturb this finding as Goodpasture has not provided a record of the prior proceedings. See *Friedman*, 296 Kan. at 644.

On appeal, we are unpersuaded based on the manner in which this claim is addressed in the brief filed by Goodpasture's counsel. While Goodpasture elaborates on this claim in his pro se brief, he does not frame his complaint on appeal as he did before the district court—that habeas counsel abandoned a claim about perjured testimony. Rather, he presses a claim for actual innocence. Accordingly, we deem any claim about habeas counsel's handling of the issue waived and abandoned. See *In re Adoption of Baby Girl G.*, 311 Kan. at 803.

Additionally, Goodpasture refers to specific witness statements or affidavits by citing the attachments to his brief, which is not a proper citation to the record. See Rule 6.02(a)(4) (2026 Kan. S. Ct. R. at 36) ("The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal."); *Rodriguez v. U.S.D. No. 500*, 302 Kan. 134, 144-45, 351 P.3d 1243 (2015) (appendix to appellant's brief may contain limited extracts from record on appeal but is not substitute for record); Rule 6.02(b) (same). We observe no error in the district court's analysis, nor could we properly find any error, given the insufficient record on appeal.

Turning to Goodpasture's third issue, the district court found habeas counsel did not abandon a claim regarding whether a hearsay phone recording by D.H. of an unidentified declarant—who Goodpasture now claims was S.L.—stating she fabricated the allegations should have been introduced and admitted at trial. This claim was, in fact, submitted in writing as a proposed finding in Goodpasture's first habeas counsel's memorandum. Moreover, this point was unsuccessfully appealed following the denial of Goodpasture's first K.S.A. 60-1507 motion. *Goodpasture*, 2020 WL 857992, at *12. Notwithstanding the lack of record support for his claim, it is clear from the prior appellate proceedings that this claim was not abandoned; thus, Goodpasture's argument is legally and factually unsound.

Next up is Goodpasture's fourth point—habeas counsel abandoned a claim or claims based on newly discovered evidence that Goodpasture was actually innocent— which is largely a continuation of his third. Goodpasture simply expanded his claim to include a factual allegation reflecting three other people—A.P., K.T., and A.G.—had heard the recording and signed affidavits or written statements indicating they could identify the voice in the recording as S.L. The district court noted G.P. and A.G. had testified at the evidentiary hearing on Goodpasture's first K.S.A. 60-1507 motion and indicated they could not identify the voice in the recording. D.H. had testified to making the recording, but even she was uncertain if the voice was S.L.'s. The district court held

6

this claim was subject to the same problem identified in its ruling in Goodpasture's first K.S.A. 60-1507 motion—none of the witnesses could lay a proper foundation for the recording. Moreover, even if G.P. and A.G. recently changed their minds about whether they could identify the voice in the recording, it still did not show a deficiency in habeas counsel's performance because the witnesses were uncertain at the time of habeas counsel's representation.

Additionally, we note Goodpasture's claim is flawed due to the deficient record he presents on appeal. At various points in the brief filed by Goodpasture's counsel, he refers to potential recantations by one of the State's witnesses but does not identify a specific witness and does not refer to specific evidence to reflect such recantations. So, we are unpersuaded by the framing of this argument. Goodpasture does not expressly address this point in his pro se brief. However, he seems to take issue with some of the findings in this portion of the district court's order. To the extent Goodpasture's point is actually framed and argued in his pro se brief as a complaint about the fourth issue, his briefing is improper because he only cites to the attachments in his brief, not the record on appeal. See Rule 6.02(a)(4) and (b).

Moving to the fifth issue, the district court noted the testimony from the evidentiary hearing in the prior K.S.A. 60-1507 proceeding. It found the interview techniques used by a detective when questioning S.L. were not unduly coercive. Even if this issue had been raised by habeas counsel, the district court would have found no reversible error because trial counsel used S.L.'s shortcomings in the interview as part of Goodpasture's defense at trial. And any complaints about the interview techniques were merely a question of the weight of the evidence. The district court further held Goodpasture and trial counsel were aware of the existence of a notebook S.L. had with her when she went to be interviewed by the detective, yet it was never requested in discovery. We have no way of knowing what it contained, and nothing in the record reflects it might have been exculpatory.

We are unpersuaded on this point as discussed in the brief filed by Goodpasture's counsel. In his pro se brief, Goodpasture complains about the State's failure to turn over the notebook, claiming it amounts to a due process violation under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), which provides that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." The problem with Goodpasture's argument is there is no indication the contents of the notebook were favorable evidence, and he generally admits the contents are unknown. And he fails to address the fact he and trial counsel were aware of the notebook's existence but never requested it in discovery. His argument is also flawed because he fails to properly cite to the record on appeal in support of this claim. See Rule 6.02(a)(4). Accordingly, we observe no basis to disturb the district court's finding on this point.

As to the final issue raised in Goodpasture's motion, the district court found no merit to Goodpasture's assertion that habeas counsel abandoned his claim that trial counsel was ineffective for conceding S.L. was available for cross-examination, despite her inability to remember certain aspects of the crimes committed against her. The district court explained this claim was not raised in Goodpasture's first K.S.A. 60-1507 motion; therefore, it could not have been abandoned. Because Goodpasture has not provided a record of the prior K.S.A. 60-1507 proceedings, we cannot meaningfully address this factual finding. See *Friedman*, 296 Kan. at 644. In any event, the district court's journal entry summarily dismissing Goodpasture's 60-1507 motion found trial counsel used S.L.'s inconsistent statements to undermine her credibility in closing arguments, which the court deemed sound trial strategy. The district court further believed it was bound by the prior panel's finding on appeal from Goodpasture's first K.S.A. 60-1507 motion that S.L.'s statements were properly admitted under K.S.A. 60-460(a) because she testified at trial and was available for cross-examination. See *Goodpasture*, 2020 WL 857992, at *5-6.

8

In light of the way Goodpasture's counsel briefed the issue, we are not persuaded. However, Goodpasture more extensively addresses this point in his pro se brief, but it is largely an assortment of conclusory statements. Further, he fails to address the district court's conclusion that trial counsel used reasonable trial strategies. Instead, he takes issue with the district court's conclusion that it was bound by the ruling in the prior appeal that S.L.'s statements were admissible. When a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of both alternative bases on appeal, we may decline to address the appellant's challenge to the district court's ruling. See *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 280-81, 225 P.3d 707 (2010). Goodpasture in his pro se brief also fails to properly cite to the record in support of his claim; therefore, we deem his argument waived as improperly briefed. See Rule 6.02(a)(4).

Goodpasture has failed to demonstrate any error in the district court's summary denial of his K.S.A. 60-1507 motion.

Affirmed.