IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,431

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL E. PHILLIPS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a K.S.A. 22-3501 motion for new trial is timely is a question of law over which an appellate court exercises plenary review.

2.

If an appellate court's decision and mandate is fully determinative of the issues presented in the proceedings below, they become a part of the judgment of the case without further order of the trial court.

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed March 29, 2019. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Michael E. Phillips challenges the district court's denial of his motion for a new trial as untimely. The issue presented asks: for purposes of the timeliness of a K.S.A. 22-3501 motion for new trial based on newly discovered evidence, when is a judgment final?

We conclude the district court correctly held the two-year period in which the motion must be filed began from the date the Supreme Court mandate was issued, i.e., when the judgment became final. Because Phillips' motion was not filed during this time, we affirm the district court.

FACTS AND PROCEDURAL HISTORY

A jury convicted Phillips of first-degree felony murder, two counts of attempted aggravated robbery, and criminal possession of a firearm. He was sentenced to life in prison, with a mandatory minimum of 20 years and lifetime postrelease supervision for felony murder; a consecutive 47 months for one attempted aggravated robbery conviction; a consecutive 34 months on the other attempted aggravated robbery conviction; and a concurrent 9 months for criminal possession of a firearm. Phillips appealed his conviction, resulting in our upholding all four counts and the term of imprisonment. *State v. Phillips*, 295 Kan. 929, 287 P.3d 245 (2012).

But we did make one change to Phillips' sentence. *Phillips*, 295 Kan. at 950. The district court had ordered postrelease supervision for life. We vacated that part of his sentence, holding a "sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence." *Phillips*, 295 Kan. at 950. We did not include an order of remand in our opinion. The Clerk of the Supreme Court issued a mandate on February 11, 2013, notifying the district court that

2

the Supreme Court had affirmed its judgment, except for vacating the postrelease supervision.

Phillips later filed a K.S.A. 60-1507 motion to vacate, amend, or set aside the judgment. The motion was summarily denied at the district court level.

Although the February 11, 2013 mandate contained no order of remand, the last paragraph read, "You are therefore commanded, [t]hat without delay you cause execution to be had of the judgment of the Supreme Court, according to law." Apparently acting on this language, the district court held a hearing on August 15, 2014, to discuss the mandate, stating it "appears that the Court has remanded this case back to this [c]ourt . . . appears to me I obviously need to set aside the [c]ourt's order for post-release supervision."

The hearing transcript shows confusion about the purpose and process of the hearing. Phillips thought the hearing might address his already-denied 60-1507 motion. The district court was unclear on who would act as defense counsel for Phillips and what the Supreme Court's instructions were. The court also did not proceed on statutory or Supreme Court Rule authority for holding the hearing. It only stated

> "the Supreme Court likes to have those when they remand something and the mandate is sent down, they direct the Court to move forward and this mandate is already fairly old . . . . It is my understanding from the Supreme Court what I'm supposed to do is exactly what they tell me to do which is—and just so I'm as clear as I can be on this that the Court is going to set aside its previous order . . . ."

Phillips then filed a motion for new trial on March 6, 2015, arguing newly discovered evidence justifies a new trial. The district court denied the motion: "Per

3

K.S.A. 22-3501(1) this motion is out-of-time. Mandate issued 2/15/13 [*sic*]. This motion filed 3/6/15—more than 2 years."

Phillips appeals. Our jurisdiction is proper under K.S.A. 2018 Supp. 22-3601(b)(3), (4) (off-grid crime; life sentence).

Issue: *Is Phillips' motion for new trial time-barred?*

*Standard of review*

"The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." K.S.A. 2016 Supp. 22-3501. An appellate court reviews the trial court's decision on a motion for new trial for an abuse of discretion. *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015).

The question of whether a motion is timely under K.S.A. 22-3501(1) involves statutory interpretation which is a question of law over which this court has unlimited review. *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011).

*Discussion*

To be timely, a K.S.A. 22-3501 motion for new trial based on the ground of newly discovered evidence must be filed within two years after the final judgment. K.S.A. 22-3501(1). Phillips argues the final judgment was on August 15, 2014, when the district court conducted a "remand hearing." For reasons Phillips does not explain, he believes the two-year period would have commenced 14 days later, on August 29, 2014. This

4

calculus would put the filing deadline at August 29, 2016. If so, Phillips' motion filed on March 6, 2015, would be well within that time frame.

The State responds Phillips' March 6, 2015 motion was not within the two-year limit because the judgment was final on February 11, 2013—when this court's mandate was issued. To support this position, the State argues that the August 15, 2014 "remand hearing" was a nullity because the court lacked jurisdiction to modify Phillips' sentence once this court had vacated the post-release supervision. Neither this court's opinion nor the mandate gave a remand instruction to the district court. *Phillips*, 295 Kan. 929. The State argues no further action on the part of the district court "was mandated, ordered, necessary, or even allowed."

The State's position accords with a plain reading of K.S.A. 60-2106(c), which states:

"The supreme court may by rule provide for post decision motions for rehearing or other relief. When under such rule a decision of an appellate court becomes final, such court shall promptly cause to be transmitted to the clerk of the district court its mandate containing such directions as are appropriate under the decision. A copy of the opinion of the court shall accompany and be a part of the mandate. The clerk of the district court shall make a notation thereof on the appearance docket. Such mandate and opinion, *without further order of the judge*, *shall thereupon be a part of the judgment of the court if it is determinative of the action*, or shall be controlling in the conduct of any further proceedings necessary in the district court." (Emphasis added.)

The facts here exemplify what is contemplated by the statutory phrase "if it is determinative of the action." We affirmed the district court's sentencing on all four counts of conviction and no further proceedings were necessary on that issue. We also vacated postrelease supervision, and no further proceedings were necessary because a sentencing

5

court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence. *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016) (no further proceedings necessary). A district court's judgment becomes final the date this court issues its mandate, except in cases where remand instructions are given and further proceedings are necessary.

In conclusion, our February 11, 2013 mandate was fully determinative of the issues and therefore rendered the judgment final. As a result, the district court was correct to deny as untimely Phillips' March 6, 2015 motion for new trial based on newly discovered evidence.

Judgment affirmed.