NOT DESIGNATED FOR PUBLICATION

No. 127,687

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL E. PHILLIPS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed October 31, 2025. Affirmed.

*Kristen D. Patty*, of Wichita, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Ten years after his convictions became final, Michael E. Phillips filed a K.S.A. 60-1507 motion arguing that the district court's summary denial of a previous habeas motion violated his constitutional rights to due process and made his detention unlawful. The district court denied the motion as untimely and successive, finding Phillips failed to make sufficient showings to overcome those procedural bars. Finding no error, we affirm.

1

In December 2008, a jury convicted Phillips of first-degree felony murder, two counts of attempted aggravated robbery, and criminal possession of a firearm, resulting in the court imposing a term of life in prison for a minimum of 20 years plus 81 months on the lesser offenses. The Kansas Supreme Court affirmed these convictions on direct appeal but vacated a lifetime postrelease supervision term that had been erroneously imposed by the district court. *State v. Phillips*, 295 Kan. 929, 931, 287 P.3d 245 (2012).

A full recitation of the facts is provided in that decision, but in sum Phillips was convicted for shooting and killing Miguel Moya during an armed robbery. Phillips admitted during an interview that he fired his gun at Moya when Moya rushed at him, although there was some conflicting testimony that another individual participating in the robbery shot Moya as well. Phillips unsuccessfully argued on direct appeal, in part, that the district court should have given lesser included offense instructions on the murder charge as well as a self-defense instruction. 295 Kan. at 937-40.

*Phillips begins filing pro se posttrial motions.*

In November 2013—about nine months after the Clerk of the Supreme Court issued the mandate in the direct appeal—Phillips filed a pro se K.S.A. 60-1507 motion that was summarily denied by the district court a month later. More than eleven months later, Phillips unsuccessfully moved for reconsideration. After the district court declined to reconsider its denial of the K.S.A. 60-1507 motion, Phillips appealed. This court entered a decision in July 2016 affirming the denial of the untimely motion to reconsider and concluding it lacked jurisdiction to review the denial of the K.S.A. 60-1507 motion due to an untimely appeal. See *Phillips v. State*, No. 114,173, 2016 WL 3570487, at *2-3 (Kan. App. 2016) (unpublished opinion). Phillips petitioned for review, which the Supreme Court denied in June 2017, and the mandate issued later that month.

Although Phillips included none of the filings related to his previous K.S.A. 60-1507 motion in the record on appeal, it appears from our prior decision that he raised the following claims:

"In his motion, Phillips argued that he was being held in custody unlawfully because his '[d]efense counsel failed to investigate shot that killed victim [;] forensics will show that petitioner did not fire kill shot.' He also argued that his '[d]efense counsel failed to provide adequate assistance at critical stage of trial.' In addition, Phillips argued that his defense counsel was ineffective for failing to argue for a lesser included offense and to reserve a theory of defense. He also argued that the State was required to prove beyond a reasonable doubt that he fired the shot that killed the victim, and a proper investigation would have proved that a different gun, shot by someone other than him, killed the victim." 2016 WL 3570487, at *1.

It also appears that the district court summarily denied the motion "stating only that it did not 'constitute sufficient grounds to support [a] 1507.'" 2016 WL 3570487, at *1.

Although not directly relevant here, Phillips filed a motion for new trial in March 2015 based on newly discovered evidence that some of the State's witnesses had committed perjury in their trial testimony implicating Phillips in the robbery. The district court later denied this motion in August 2015 after determining that it was not timely filed within two years of the mandate issuing in Phillips' direct appeal. Phillips then appealed that ruling to the Kansas Supreme Court, which affirmed the district court's decision. *State v. Phillips*, 309 Kan. 475, 478, 437 P.3d 961 (2019).

In August 2017, Phillips filed two pro se motions in his underlying criminal case seeking relief under K.S.A. 60-1507, attempting to relitigate the issues from his first K.S.A. 60-1507 motion. Relevant to his current K.S.A. 60-1507 motion, Phillips asserted that his "first K.S.A. 60-1507 became time barred do [*sic*] to a clerical error [and] Issue 1

3

and 2 not determined on the merits." Phillips alleged in an affidavit attached to the filings that the clerk of the district court returned the "facts and arguments" underlying his November 2013 habeas petition several times, which led to the judge who denied his motion in December 2013 not having received those "facts and arguments." Thus, Phillips alleged that the "facts and arguments that support my ineffective assistance of counsel claim and failure to investigate claim have never come before the court," which made "any ruling on the merits unreviewable by the appellate courts."

The State responded, first noting that the motions were improperly filed in the criminal case instead of a separate civil proceeding under K.S.A. 60-1507. Next, the State argued that Phillips was not entitled to relief because res judicata barred reconsideration of the claims made in his original summarily denied K.S.A. 60-1507 motion. Third, the State contended Phillips could not show exceptional circumstances since his claims were not new, and that he failed to acknowledge the motions were untimely filed under K.S.A. 60-1507(f).

The district court summarily denied both motions in September 2017. As to the first motion, the court explained: "Nothing set forth in the motion or attachments establishes 'manifest injustice' as defined under Kansas law. The specific concerns raised here involve alleged errors by the trial court. Issues addressed in 27 page opinion *State v. Phillips*, 295 Kan. 929 (2012). Res judicata applies." As to the second motion, the court explained: "[Defendant] attempting to raise same issues. Res judicata applies. State correctly sets forth law in its response to [Defendant]'s motion." Phillips did not appeal the court's ruling.

In June 2019, Phillips also unsuccessfully filed a petition for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas raising most of the same claims as in his November 2013 motion, which was dismissed as untimely. See *Phillips v. Schnurr*, No. 19-3111-SAC, 2020 WL 2395215, at *1-2 (D.

Kan. 2020) (unpublished opinion). Although he appealed that ruling, the United States Court of Appeals for the Tenth Circuit dismissed the appeal in August 2020 for lack of prosecution. *Phillips v. Schnurr*, No. 20-3124, 2020 WL 7785418, at *1 (10th Cir. 2020) (unpublished opinion).

*Phillips files the current K.S.A. 60-1507 motion.*

In February 2023, Phillips filed the current K.S.A. 60-1507 motion with the assistance of counsel, titling it a "Successive Petition for Writ of Habeas Corpus Pursuant to K.S.A. §[ ]60-1507" seeking to "vacate the order denying the Petitioner's initial habeas corpus petition." The sole claim of relief was that

> "[t]he Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated by the denial of his initial habeas corpus petition, as such occurred without ruling on the merits of the petition, and as such, the Petitioner has the right to hearing on the merits of all of his claims presented in his initial habeas corpus proceeding."

Phillips argued in a supporting memorandum of law that manifest injustice existed to excuse his untimely K.S.A. 60-1507 motion because "[a]s the initial petition was not properly considered, the Petitioner submits that the instant petition must be considered as the initial petition, as the initial petition was denied upon improper grounds." Phillips also acknowledged that he did not raise the "instant issue" in his pro se petition because he "was unaware that he could challenge the denial of his initial habeas corpus petition on constitutional and statutory grounds." Although not directly addressed in the same filing, Phillips later argued in a responsive pleading that his new motion should not be considered successive because the district court had violated his "constitutional right to pursue habeas corpus relief" in denying his initial motion without reaching the merits which "is certainly exceptional and extraordinary."

5

The district court entered a memorandum order in May 2024 denying Phillips' motion as both untimely and successive. The court determined that Phillips did not contest that his K.S.A. 60-1507 motion was untimely and that he did not meet his burden to show manifest injustice, explaining:

"His excuses for the delay in filing, including movant's alleged misunderstanding and misreading of a clear district court ruling, are common. Many criminal defendants and habeas corpus petitioners lack familiarity with the criminal justice system, including the requisite knowledge with respect to filing motions. The application of the time bar would be rendered meaningless if these factors could be used to establish manifest injustice. Legal ignorance is not a shield pro se litigants can utilize for protection from the sword of procedural rules. 'As far as the filing of a timely notice of appeal is concerned, a pro se K.S.A. 60-1507 petitioner is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel. *Mangiaracina v. Gutierrez*, 11 Kan.App.2d 594, Syl. ¶ 1, 730 P.2d 1109 (1986)."

As for being successive, the district court explained:

"This is movant's second K.S.A. 60-1507 motion (the first motion being found untimely by the Court of Appeals on June 20, 2017). Movant creatively argues the court should consider the claims in his original motion instead of raising new claims in his successive motion. But here, time undermines imaginativeness, and movant is not entitled to relief. Movant was not denied a right to seek habeas corpus relief. Movant fails to establish exceptional circumstances and, as the State argues, he is not entitled to another proverbial bite at the apple. Movant had an opportunity to file a timely motion to reconsider or appeal, as he did with his first K.S.A. 60-1507 motion, but chose not to. Even if he was ignorant of his options under the law, it is not a defense or exception to the procedural law. Movant is barred for being untimely and successive."

Phillips timely appealed.

ANALYSIS

Phillips challenges the district court's decision summarily denying his K.S.A. 60-1507 motion. He asks this court to either grant his motion or remand to the district court for an evidentiary hearing.

When the district court summarily denies a motion after determining that the motion, files, and case records conclusively show the movant is not entitled to relief, our standard of review is unlimited. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). This court steps into the shoes of the district court and must determine whether the motions, files, and case records conclusively show that Phillips is not entitled to relief. As the movant, Phillips bears the burden of showing that he is entitled, at a minimum, to an evidentiary hearing by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

Although Phillips begins by discussing whether he was entitled to an evidentiary hearing on the claim raised in his current motion, that is not the question before this court. Rather, the district court found the motion was procedurally barred because it was untimely and successive. As a result, this court only needs to reach the merits if Phillips can show the court that his motion was not procedurally barred.

*Phillips fails to show exceptional circumstances existed to require considering a second or successive K.S.A. 60-1507 motion.*

No court is "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2024 Supp. 60-1507(c). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." *State v.*

*Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue in the first postconviction motion. 315 Kan. at 160. To determine whether a district court erred in summarily denying a K.S.A. 60-1507 motion as abuse of remedy, appellate courts look to whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

Phillips fails to sufficiently show exceptional circumstances that would justify reaching the merits of his successive motion. In simple terms, he argues that the summary denial of his previous K.S.A. 60-1507 motion is an exceptional circumstance because the district court's findings relating to that ruling were insufficient. In his current motion, Phillips asserted that the court handling his previous motion "stat[ed] only that it did not 'constitute sufficient grounds to support [a] 1507.'" Granted, this court's decision substantiates that the district court made that finding. *Phillips*, 2016 WL 3570487, at *1. Likewise, the district court said in the memorandum order denying his current K.S.A. 60-1507 motion that it would take "judicial notice of the district court files and case history in the current and the underlying criminal case." Unfortunately, our record on appeal does not include his previous filing, so we are unable to fully assess whether there is factual support for Phillips' allegations that the district court mishandled his previous K.S.A. 60-1507 motion.

Moreover, Phillips' explanation for failing to raise his current claim earlier than now is contradicted by the fact that he made at least two other requests for habeas relief in the five years between termination of appellate jurisdiction on his previous motion and the filing of his current motion. First, in August 2017, Phillips filed pro se motions seeking identical relief as his initial motion in his criminal case, yet he does not explain why he failed to raise his current claim at that time. The district court summarily denied

8

both motions and Phillips did not appeal. Then, in June 2019, Phillips filed a federal habeas petition raising identical claims, which was denied as untimely and dismissed. *Phillips*, 2020 WL 7785418, at *1.

Phillips also provides no relevant authority recognizing that the summary denial of his previous K.S.A. 60-1507 motion qualifies as an unusual event or change in the law that prevented him from obtaining relief on the claims raised in that motion. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (failing to support a point with pertinent authority is like failing to brief an issue). To be clear, Phillips could not have challenged the summary denial of his previous K.S.A. 60-1507 motion before it occurred, but he may have been able to avert that outcome if his claims warranted relief. Pro se litigants are still "required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). That includes the time limit to file a motion to reconsider or notice of appeal. Phillips failed to do either. See *Phillips*, 2016 WL 3570487, at *2-3. In other words, Phillips was not denied the right to seek habeas relief for the claims raised in his motion but abandoned any claims he had by failing to timely request review. Accordingly, we find that the district court correctly determined Phillips failed to show exceptional circumstances to reach the merits of his successive K.S.A. 60-1507 motion.

*Phillips fails to show manifest injustice to extend the timeline for filing a K.S.A. 60-1507 motion.*

Phillips does not dispute that his petition is untimely. He filed it far beyond the one-year limitation of K.S.A. 60-1507(f). As a result, the motion is procedurally barred unless he can show that considering his motion is necessary "to prevent a manifest injustice." K.S.A. 2024 Supp. 60-1507(f)(2).

Under the statute, the scope of the manifest injustice inquiry "shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). And to show "a colorable claim of actual innocence," Phillips needed to "show it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). Phillips argues he established manifest injustice under both statutory criteria.

Beginning with why he failed to raise his current claim within the one-year time limitation, Phillips explained in a footnote of his K.S.A. 60-1507 motion that he failed to raise the claim in the pro se motions he filed in August 2017 because he "was unaware that he could challenge the denial of the initial habeas corpus petition on constitutional and statutory grounds." He also asserts that the court should consider his previous claims as part of his current motion "on equitable grounds." Phillips also explained in response to the State that "a series of errors on behalf of the district court" gave him the "mistaken impression . . . that [his] original petition was still viable, was still under consideration and not required yet to be appealed." As support for these points, Phillips references his pro se filings in August 2017 and a letter dated November 14, 2013, explaining that the Sedgwick County district court clerk was returning his paperwork because he had included "The Supreme Court of Kansas" in the header instead of the district court.

But as the district court recognized in its ruling and as explained previously, lack of knowledge about legal procedures is not a valid basis for a manifest injustice finding because pro se litigants are still required to follow procedural rules. See *Guillory*, 285 Kan. at 229. And contrary to Phillips' emphasis on his pro se status, it appears from this court's records that he was represented by appointed counsel during the appeal from his previous K.S.A. 60-1507 motion. Even accepting Phillips' explanation that he did not realize he could appeal the prior ruling until after the appeal time had run out, he offers nothing to explain why he waited more than five years to file the current motion after

10

issuance of the mandate in June 2017. Phillips also does not elaborate on what alleged "errors" the district court made in any of the filings relating to his current K.S.A. 60-1507 motion or his brief.

As for a colorable claim of actual innocence, Phillips argues he "exceeded the burden imposed on him," because he set out the claims from his previous K.S.A. 60-1507 motion that were never addressed on the merits. But as the State points out, Phillips is basing his manifest injustice argument on a colorable claim of actual innocence for the first time on appeal. Phillips does not provide any "pinpoint reference to the location in the record on appeal where the issue was raised and ruled on," nor does he explain "why the issue is properly before the court." Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36). The Kansas Supreme Court has long warned that Rule 6.02(a)(5) should be strictly enforced and recently held that this court commits legal error by considering preservation exceptions not raised in an opening brief. See *Schutt v. Foster*, 320 Kan. 852, 858-60, 572 P.3d 770 (2025). Thus, Phillips' actual innocence argument fails.

In sum, the district court correctly summarily denied Phillips' K.S.A. 60-1507 motion. It was both an untimely and successive K.S.A. 60-1507 motion, and he has failed to meet his burden of proof to establish exceptional circumstances to establish his right to file a successive motion, and he has failed to meet his burden of proof to establish manifest injustice to support an untimely filing.

Affirmed.