NOT DESIGNATED FOR PUBLICATION

Nos. 127,592
127,593

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KASTON L. HUDGINS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; FRED W. JOHNSON JR., judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

PER CURIAM: In 2012, Kaston L. Hudgins was convicted of two counts of first-degree felony murder and one count of fleeing or attempting to elude a police officer and was sentenced to prison. Hudgins' convictions and sentences were affirmed on direct appeal. Hudgins filed a K.S.A. 60-1507 motion in 2016 which the district court denied after an evidentiary hearing, and our court affirmed that denial. He then alleged ineffective assistance of trial and appellate counsel in a second K.S.A. 60-1507 motion, which the district court summarily denied as successive. While his appeal of that denial was pending, he filed a third K.S.A. 60-1507 motion raising an actual innocence claim.

1

The district court summarily denied Hudgins' third motion, finding it untimely and successive. He now appeals the district court's denials of his second and third motions in this consolidated appeal. After reviewing the record, we affirm the district court's dismissal of both K.S.A. 60-1507 motions.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, while fleeing police during a high-speed chase in Cherokee County, Hudgins rear-ended another vehicle, killing both occupants. See *State v. Hudgins*, 301 Kan. 629, 630, 346 P.3d 1062 (2015) (*Hudgins I*). In 2012, a jury convicted Hudgins of two counts of first-degree felony murder based on the underlying felony version of fleeing or attempting to elude a police officer under K.S.A. 2009 Supp. 8-1568(b)(1)(D), (c)(4), and one count of fleeing or attempting to elude a police officer. The district court sentenced Hudgins to two concurrent "hard-20" life terms and lifetime postrelease supervision for the felony murders, plus a consecutive 6-month prison sentence and 12-months' postrelease supervision for felony fleeing and eluding.

*Direct Appeal*

Hudgins appealed his convictions and sentences. *Hudgins I*, 301 Kan. at 630. In his direct appeal, Hudgins challenged:

"(1) time constraints imposed on defense counsel's voir dire; (2) admonishments by the district court in the jury's presence about the time defense counsel was taking during voir dire; (3) the district court's refusal to change venue; (4) prosecutorial misconduct; (5) the exclusion of evidence; and (6) the State's decision to charge felony murder rather than the more specific offense of involuntary manslaughter while driving under the influence. He also argue[d] cumulative error denied him a fair trial." *Hudgins I*, 301 Kan. at 630.

2

Our Supreme Court affirmed his convictions and sentences, issuing its mandate in April 2015.

*First K.S.A. 60-1507 Motion*

In March 2016, Hudgins timely filed a motion under K.S.A. 60-1507 claiming the ineffective assistance of his trial counsel. *Hudgins v. State*, No. 119,103, 2019 WL 1868735 (Kan. App. 2019) (unpublished opinion) (*Hudgins II*). Hudgins argued counsel was ineffective for failing to:

> "(1) consult or hire an expert to testify how his blood alcohol level of .15 affected his mental capabilities; (2) preserve a defense based on a theory that the police officer involved in his high-speed chase violated the Cherokee County Sheriff's Department high-speed pursuit policy and therefore contributed to the car accident; (3) raise a defense of voluntary intoxication and also request a voluntary intoxication instruction; and (4) argue Hudgins lacked the requisite mental state for the crime charged. Hudgins also argued [trial counsel]'s cumulative errors rendered him ineffective." 2019 WL 1868735 at *1.

After an evidentiary hearing, the district court denied relief and on appeal, this court affirmed. See 2019 WL 1868735, at *1-2. Our Supreme Court denied review and the mandate issued on February 5, 2020.

*Second K.S.A. 60-1507 Motion*

In May 2021, Hudgins filed the first of the two K.S.A. 60-1507 motions that are the subjects of this appeal. He listed four claims as grounds for relief: (1) violations of his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution; (2) ineffective assistance of trial counsel; (3) prosecutorial error; and (4) ineffective assistance of appellate counsel.

3

First, Hudgins asserted a violation of his procedural due process rights to a full and fair hearing, and the opportunity to be heard by an "unbiased judicial platform." He argued his due process rights were violated throughout the entirety of his criminal case because of allegedly inaccurate charges. Hudgins claimed that the "Due Process clause forbids a [S]tate from convicting a person of a crime without proving the element of that crime beyond a reasonable doubt," arguing when the prosecution referenced the motor vehicle "'accident'" instead of "'collision,'" it was prejudicial and confusing. According to Hudgins, a person cannot willfully be involved in an "'accident,'" and this prejudiced his right to a fair trial.

Next, to support his claim of ineffective trial counsel, Hudgins argued that his lawyer: (1) "did not identify and correct the indictment and the information on K.S.A. 8-1568(b)(1)(D) (motor vehicle accident);" (2) "didn't identify and include the correct statute, definition and information to the Court and jurors on KSA. 8-1568(b)(1)(C) (reckless driving);" (3) "did not seek to hire a forensic reconstruction expert for the collision nor to argue the State's theory;" (4) "decided at trial to go with a guilt-based defense theory arguing to the jury on a lesser included offense yet failed to present that theory;" (5) "failed to object, argue, and strike for cause juror that informed Court of knowledge to [sic] various details of the case and relationship to the victims' family, juror [R.R.]" and; (6) "did not relay and record plea deal offer to the State."

For his third claim, Hudgins asserted ineffective assistance by his appellate counsel for failing to identify and argue the alleged trial and trial counsel errors. Finally, Hudgins claimed prosecutorial error during trial when the State "made incorrect statements of law and evidence which led to misconduct."

In August 2021, the district court summarily denied Hudgins' second K.S.A. 60-1507 motion, finding that the motion, files, and records of the case conclusively showed he was entitled to no relief. The district court noted that Hudgins reiterated arguments

already addressed and denied in his direct appeal, his first K.S.A. 60-1507 hearing, and the resulting appeal of that ruling.

The district court explained, in response to Hudgins' first argument, that he was mistaken when citing K.SA. 8-1568(b)(1)(C)—reckless driving while fleeing police—as the basis for his felony conviction. The district court pointed out that Hudgins was instead convicted under K.S.A. 8-1568(b)(1)(D)—the subsection of the fleeing and eluding statute making the involvement in a motor vehicle accident while fleeing police a severity level 9, person felony. Next, the district court addressed Hudgins' interpretation argument. The district court clarified the meaning of the statute under which defendant was convicted and explained that Kansas caselaw established that "a reading of subsection (b)(1)(D) indicates that all types of motor vehicle accidents are within the scope of that subsection." The district court explained that both definitions of "'automobile accident'" found in Black's Law Dictionary describe it as "an incident occurring during the operation of an automobile which causes 'injury to the person or property of another,'" which "clearly falls within the facts as presented to the jury." (citing Black's Law Dictionary 15 [6th ed. 1990]).

Next, the district court addressed Hudgins' seven ineffective assistance of counsel claims. It summarily denied those claims related to K.S.A. 8-1568(b)(1)(C) and (D) already discussed. As to his claims related to a forensic reconstruction expert, the guilt-based defense theory, striking of jurors, the plea offer, and ineffectiveness of appellate counsel, the district court explained that these claims had been addressed in either the direct appeal or his first K.S.A. 60-1507 motion and its appeal. Ultimately, the district court described the standards applicable to review of a K.S.A 60-1507 motion and found that it was not required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

5

Hudgins filed a supplemental motion in support of his K.S.A. 60-1507 motion, adding to his claim against trial counsel regarding juror R.R., as well as ineffective assistance of appellate counsel. The district court denied Hudgins' supplemental motion, citing its previous order. On October 21, 2021, Hudgins filed notice of appeal along with his request for appellate counsel. After a delay receiving counsel, he was permitted to file his appeal, but this court questioned its jurisdiction and issued a show cause order regarding the timeliness of Hudgins' notice of appeal. The matter was then remanded to the district court for factual findings on timeliness. On remand, the district court determined that Hudgins' notice of appeal was timely.

*Third K.S.A. 60-1507 Motion*

In January 2023, Hudgins filed the second of the two K.S.A. 60-1507 motions at issue in this appeal. He explained that he believed the one-year time limit to file his motion had passed after his appeal on his first K.S.A. 60-1507 motion but claimed his new motion should be heard due to manifest injustice and actual innocence. First, Hudgins argued that manifest injustice would result because neither his trial nor appellate counsel previously raised this issue. Second, Hudgins argued he is actually innocent of the crime of fleeing or attempting to elude, claiming there was insufficient evidence at trial to support his conviction.

In his innocence argument, Hudgins claimed the State failed to prove the "pursuit" element of felony fleeing and attempting to elude. According to Hudgins, the pursuing officer's testimony that he decelerated and lost sight of Hudgins before the accident showed the pursuit had ended before the collision. If no pursuit existed at the time of the accident, the State could not establish the underlying felony required for felony murder. As a result, Hudgins argued that his actual crime was involuntary manslaughter.

The next month, Hudgins was appointed counsel who then filed an amended K.S.A. 60-1507 motion. In the amended motion, Hudgins acknowledged the untimeliness of the motion but argued the ineffectiveness of counsel in his previous actions prevented the timely filing of the current motion, amounting to manifest injustice. He also claimed actual innocence, based on insufficient evidence to sustain his convictions, raising essentially the same arguments Hudgins had made in his pro se filing.

In May 2023, after the district court considered both Hudgins' pro se and amended K.S.A. 60-1507 motions, it summarily denied them as both untimely and successive. First, the district court found that Hudgins' third K.S.A. 60-1507 motion was untimely. It explained that, although COVID-related operations temporarily suspended deadlines for filings, even accounting for these time suspensions, his motion was still filed outside the one-year period that began when the Supreme Court denied his petition for review on his direct appeal. Second, the district court found that Hudgins failed to show exceptional circumstances supporting a procedural innocence claim, and he offered no indication that new evidence existed to support a substantive innocence claim.

Next, the district court found that Hudgins failed to make any showing of manifest injustice based on his ineffective assistance of counsel claim. Hudgins' assertion that the "'outcome may have been different'" did not meet the manifest injustice standard, which required a compelling reason for his late filing and a colorable innocence claim, and he provided neither. Finally, the district court found the motion successive because Hudgins had already, on two prior occasions, unsuccessfully attacked his convictions and raised ineffective assistance of counsel claims.

Hudgins appealed the district court's decision. The appeals of the decisions on his second and third K.S.A. 60-1507 motions were consolidated.

ANALYSIS

On appeal, Hudgins acknowledges that he has procedural hurdles to overcome, one being timeliness. He argues that his 2021 motion was timely and that he established manifest injustice to excuse the untimeliness of his 2023 motion. Hudgins maintains that he established exceptional circumstances by alleging ineffective assistance of his prior counsel. As to his 2023 motion, he argues he established actual innocence by claiming insufficient evidence to sustain his convictions. Hudgins asserts the district court erred when it did not grant his motions, or at least, grant him evidentiary hearings.

The State maintains that both of Hudgins' motions were untimely, and he cannot cure that defect with unsupported claims of actual innocence or insufficient evidence. The State further argues that the motions are successive.

## I.     *Legal Standards Applicable to Both Motions*

The standard of appellate review depends on which of these three options the district court used to decide the K.S.A. 60-1507 motions:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

Here, the district court summarily dismissed Hudgins' second and third K.S.A. 60-1507 motions. "'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and

records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). As movant, Hudgins has the burden to prove that an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis for his claims exists or is available in the record. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

If this showing is made, the court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 310 Kan. 875, 881, 335 P.3d 1162 (2014); see also *Littlejohn v. State*, 310 Kan. 439, Syl., 447 P.3d 375 (2019) ("An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy.").

## II.     *Second K.S.A. 60-1507 Motion*

Applying these standards, we begin by reviewing Hudgins' second motion.

### A.     *Untimeliness of Second Motion*

Although the district court did not explicitly find Hudgins' second motion timely, it noted that our court affirmed his first motion's denial in April 2019, and statutory deadlines were suspended in the spring of 2020 due to the pandemic, then Hudgins filed his motion on May 10, 2021. So, it appears the district court considered his motion to be timely. Along those same lines, Hudgins now asserts that his second K.S.A. 60-1507 motion was timely because it was filed in accordance with the Supreme Court's COVID-19 pandemic-related administrative orders.

The State counters that Hudgins' direct appeal ended in 2015. Even though time limits were temporarily suspended during the COVID pandemic, the State argues that the

suspension did not revive deadlines that had already expired. The State further contends that the 2021 motion could have been timely only if it alleged ineffective assistance of prior K.S.A. 60-1507 counsel, but Hudgins points to no such claim. Consequently, any claims of ineffective assistance related to his trial or direct appeal counsel are time-barred.

A defendant has one year from when a conviction becomes final to file a postconviction motion under K.S.A. 60-1507(a) and (f). A district court's judgment becomes final once the applicable mandate is issued, except in cases where remand instructions are given, and further proceedings are necessary. *State v. Phillips*, 309 Kan. 475, 478, 437 P.3d 961 (2019). "'A defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action.'" *Roberts*, 310 Kan. at 13 (quoting *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 [2013]).

Hudgins' direct appeal ended after the Kansas Supreme Court issued its mandate in April 2015. Hudgins timely filed his first K.S.A. 60-1507 motion within a year of that date, which the district court denied and this court affirmed on appeal, and the mandate on his first postconviction motion issued on February 5, 2020. For purposes of timeliness alone, this date is considered the final judgment on that motion. *Phillips*, 309 Kan. at 478.

If a subsequent K.S.A. 60-1507 motion challenges counsel's representation in a prior K.S.A. 60-1507 proceeding, then the one-year period for filing a K.S.A 60-1507 motion begins when the mandate issued on that prior K.S.A. 60-1507 proceeding. *Rowell v. State*, 60 Kan. App. 2d 235, 238, 490 P.3d 78 (2021) ("[T]he clock [starts] for his second 60-1507 motion within one year of the mandate issued in his first 60-1507 case, making it timely.").

As we examine the timeliness of Hudgins' second K.S.A 60-1507 motion, we note that, if he challenged the effectiveness of his attorney from his first K.S.A. 60-1507 proceeding, his one-year filing window would have begun on February 6, 2020. See *Rowell*, 60 Kan. App. 2d at 238. That time frame would have taken into consideration the multiple COVID-related suspensions from March 2020 through August 2021, as the district court noted in its order. See *Blue v. Board of Shawnee County Comm'rs*, 62 Kan. App. 2d 495, 497, 517 P.3d 1280 (2022) (discussing Kansas Supreme Court Administrative Order 2020-PR-58, effective May 27, 2020); Kansas Supreme Court Administrative Order 2021-PR-020, effective March 30, 2021; Kansas Supreme Court Administrative Order 2021-PR-100, effective August 2, 2021.

But both the district court's ruling and Hudgins overlook the governing rule: That is, the tolling provision in K.S.A. 60-1507(f)(1) does not apply in this context, as laid out in *Rowell,* 60 Kan. App. 2d at 241.

In *Rowell*, the court held the movant's second K.S.A. 60-1507 motion was timely only because the movant claimed ineffective assistance of *prior 60-1507* counsel *and* filing was within one year of the mandate resolving the first K.S.A. 60-1507 motion. 60 Kan. App. 2d at 242.

Here, as in *Rowell*, Hudgins filed his second K.S.A. 60-1507 motion years after the Supreme Court issued its mandate on direct appeal. By contrast, however, he did not assert a claim of ineffective assistance by *prior K.S.A. 60-1507* counsel. Instead, Hudgins again alleges ineffective assistance of *trial* counsel and adds a similar claim concerning *appellate* counsel. Because these claims do not fall within the narrow exception recognized in *Rowell*, they are untimely. *Rowell* recognized an exception only for a challenge to counsel in a prior K.S.A. 60-1507 proceeding—claims that could not otherwise be raised within the ordinary one-year deadline.

Although Hudgins' second motion is untimely, the one-year deadline to bring a K.S.A. 60-1507 motion may be extended to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). *Roberts*, 310 Kan. at 13. But Hudgins only argues that his motion was timely due to the administrative order that suspended filing deadlines. Hudgins provides no argument asserting manifest injustice. Issues not adequately briefed are deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021).

We also note that on July 1, 2022, the Legislature amended K.S.A. 60-1507(f)(1), to add that a K.S.A. 60-1507 motion can be filed within one year of "the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later." K.S.A. 2022 Supp. 60-507(f)(1)(C). But, as interpreted by our court, K.S.A. 2022 Supp. 60-1507(f)(1)(C) only applies to allegations of ineffective assistance of prior K.S.A. 60-1507 counsel. *Denney v. State*, No. 126,784, 2024 WL 3738410 at *2-3 (Kan. App. 2024) (unpublished opinion) (finding the subsection only permits claims of ineffective assistance of prior K.S.A. 60-1507 counsel), *rev. denied* 320 Kan. 861 (2025). The statute was also not yet in effect when Hudgins' second motion was filed. So, K.S.A. 60-1507(f)(1)(C) does not operate to save Hudgins' motion.

Although the district court did not deny Hudgins' second K.S.A. 60-1507 motion based on untimeliness, and in fact implied his motion was timely, its decision was still the correct conclusion because, as we next explain, his 2021 motion was also successive.

B.    *Successiveness of Second Motion*

As previously noted, "An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion

12

dismissed as an abuse of remedy." *Littlejohn*, 310 Kan. 439, Syl. The district court concluded that Hudgins' second K.S.A. 60-1507 motion was successive. Hudgins does not dispute that finding but argues that he has shown exceptional circumstances that prevented him from raising the issue earlier. Specifically, Hudgins suggests that his trial and appellate counsel's ineffectiveness excuses the successiveness of his current claims. Hudgins cites his initial K.S.A. 60-1507 motion which stated he "had relied on both his trial counsel and his appellate counsel to identify and address all possible issues but, instead, there was much time wasted on other issues that did not warrant the attention or the one shot that he had with a direct appeal."

While exceptional circumstances can justify consideration of a second or successive K.S.A. 60-1507 motion, exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue in the first postconviction motion. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). Hudgins points to no changes in the law or unusual events that would justify his filing of a successive K.S.A. 60-1507 motion, so this argument is waived. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

It is true that an ineffective assistance of counsel claim may constitute an exceptional circumstance. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009); *Mitchell*, 315 Kan. at 161. But Hudgins' only attempts to show exceptional circumstances rely on alleged ineffective assistance by his trial and direct appellate counsel. Accordingly, these claims were available to him in his first K.S.A. 60-1507 motion. As our Supreme Court explained in *Mitchell*, any ineffectiveness related to a defendant's trial or his direct appeal occurred before the defendant filed his first K.S.A. 60-1507 motion, which in Hudgins' case was in 2016. So, the ineffective assistance of counsel at trial or on direct appeal was not an intervening event that would excuse Hudgins' failure to raise the issues in his first K.S.A. 60-1507 motion. See *Mitchell*, 315 Kan. at 162.

13

Because Hudgins fails to show exceptional circumstances, his second K.S.A. 60-1507 motion, filed in 2021, is successive, and the district court was correct to dismiss the successive motion as an abuse of remedy. See 315 Kan. at 161 (citing K.S.A. 2020 Supp. 60-1507[c]); *Trotter*, 296 Kan. 898, Syl. ¶ 2.

III.    *Third K.S.A. 60-1507 Motion*

In May 2023, the district court reviewed Hudgins' third K.S.A. 60-1507 motion only as needed to conclude that it was untimely and successive and then summarily denied it. We agree. Hudgins' third postconviction motion suffers the same fate as his second. Not only is his most recent K.S.A. 60-1507 motion untimely, but it is likewise successive, as examined below.

A.    *Untimeliness of Third Motion*

In its decision, the district court found that Hudgins' most recent motion was untimely and that it failed to establish manifest injustice to excuse its untimeliness. Hudgins filed his third K.S.A. 60-1507 motion on January 31, 2023. He concedes that this motion is untimely; however, he argues that the "'one year time limitation would have tolled on August 31, 2022, one year after this court denied [his] second motion under K.S.A. 60-1507,'" and "'but for the ineffective assistance of counsel during his previous actions under this statute, this petition would have been filed within the statutory time limit.'" On appeal, he reasons that the "misguidance of previous counsel amounts to a manifest injustice." Hudgins also argues that he established actual innocence by claiming there was insufficient evidence to sustain his convictions.

The State counters that Hudgins' claim is not a valid actual innocence claim that would overcome the untimeliness of filing his third K.S.A. 60-1507 motion because no

new evidence is presented. Thus, he cannot satisfy the actual innocence exception set forth in K.S.A. 60-1507(f)(2)(A), and no evidentiary hearing was warranted.

As discussed above, the one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 60-1507(f)(2). For the purpose of finding manifest injustice, K.S.A. 60-1507(f)(2) limits courts to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 60-1507(f)(2)(A). Hudgins claims the ineffective assistance of prior counsel prevented him from timely filing his motion and brings a claim of actual innocence. We address these claims in reverse order.

### i. *Colorful Claim of Actual Innocence*

In his motion, Hudgins argues he is actually innocent based on insufficient evidence at trial. He argues that no police pursuit existed at the time of the accident, precluding a conviction for the felony crime of fleeing or eluding. According to Hudgins, the pursuit element was not met because the officer testified that he decelerated and lost sight of Hudgins before the crash occurred. Hudgins contends that this testimony establishes that the police pursuit had ended prior to the accident, defeating the felony-level charge. And, without the felony charge, there was no underlying felony to support a felony murder conviction; so the evidence supports, at most, misdemeanor fleeing or eluding and involuntary manslaughter.

The State argues that Hudgins' claim fails because it rests on the legally flawed premise that the police pursuit had ended at the time of the collision. The State asserts that Hudgins was still fleeing when he struck the victims' vehicle and therefore was still committing the offense of fleeing or attempting to elude under K.S.A. 8-1568(b). The State further contends that felony murder encompasses deaths occurring during flight

15

from the felony, even if officers had pulled back from the immediate pursuit. The State also relies on *Hudgins I*, 301 Kan. at 649, in which the court noted that the evidence of felony murder was "'overwhelming,'" including eyewitness testimony confirming that Hudgins was fleeing immediately before and at the time of the collision. On that basis, the State asserts that Hudgins has no valid actual innocence or sufficiency of evidence claim and that the district court properly summarily denied his third K.S.A. 60-1507 motion.

To successfully allege a colorable claim of actual innocence, Hudgins must establish that it is more likely than not that no reasonable juror would have convicted him considering the new evidence. K.S.A. 60-1507(f)(2)(A). Our Supreme Court in *Beauclair v. State*, 308 Kan. 284, 296-99, 419 P.3d 1180 (2018), adopted the United States Supreme Court's distinction between substantive and procedural actual innocence claims, when applied under Kansas habeas corpus law.

In a substantive claim of actual innocence, the movant presents newly discovered evidence proving he or she is actually innocent, which would make the crime of conviction intolerable "'even if the proceedings that had resulted in his conviction and sentence were entirely fair and error free.'"308 Kan. at 297-98 (quoting *Schlup v. Delo*, 513 U.S. 298, 314, 115 S. Ct. 851, 130 L. Ed. 2d 808 [1995]). In a procedural innocence claim, more commonly referred to as the "gateway" actual innocence claim, a movant declares he or she was denied the full protection afforded to criminal defendants by the Constitution, including claims of ineffective assistance of counsel or prosecutorial error. *Beauclair*, 308 Kan. 284, Syl. ¶ 1.

Here, Hudgins does not argue his trial was entirely fair and error free, or that new evidence proves his innocence, so he makes no substantive actual innocence claim. But his claim does not fit neatly into the box of a procedural gateway innocence claim, either. To succeed in such a claim, Hudgins must "show it is more likely than not that no

16

reasonable juror would have convicted [him]" considering new evidence. 308 Kan. at 294. But he brings no new evidence for our consideration. Instead, his claim of insufficient evidence to support his conviction is a claim which should have been brought on direct appeal, not a claim of "new evidence" that supports actual innocence. See *State v. Neer*, 247 Kan. 137, 141, 795 P.2d 362 (1990) ("Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding."). His innocence claim is unavailing.

### ii.    *Ineffective Assistance of Counsel*

To the extent that Hudgins articulates that ineffectiveness of previous counsel explains his failure to timely file his third K.S.A. 60-1507 motion, we also find the argument unpersuasive. Hudgins' argument is conclusory, stating only that "but for the ineffective assistance of counsel during his previous actions under [K.S.A. 60-1507], this [motion] would have been filed within the statutory time limit. The misguidance of previous counsel amounts to a manifest injustice." He does not identify which counsel allegedly acted ineffectively in which of his previous actions. In order to proceed to an evidentiary hearing, Hudgins must make more than conclusory contentions, and we cannot construct arguments on his behalf. See *Noyce*, 310 Kan. at 398 (movant must make more than conclusory contentions).

### B.    *Successiveness of Third Motion*

As recited above, courts are not required to entertain successive K.S.A. 60-1507 motions on behalf of the same prisoner. K.S.A. 60-1507(c). This is Hudgins' third such motion, and he makes no argument regarding why we should not consider his motion to be successive and, accordingly, procedurally barred. Any argument regarding successiveness, then, is waived. *Davis*, 313 Kan. at 248.

IV.  *Conclusion*

Hudgins does not satisfy his burden to establish manifest injustice or exceptional circumstances sufficient to overcome the procedural bars to his K.S.A. 60-1507 motions. Accordingly, the district court properly dismissed his second and third K.S.A. 60-1507 motions.

Affirmed.